# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1702

_____

United States of America,

        Appellee,

v.

Bob Travis McKisick,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Arkansas.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: February 16, 2007
Filed: February 22, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Bob McKisick pleaded guilty to possessing with intent to distribute 50 grams or more of cocaine base. See 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). The district court[1] sentenced him to the statutory minimum of 120 months in prison. On appeal, McKisick argues that the district court erred in denying him safety-valve relief from the statutory minimum sentence.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

As one of the criteria for safety-valve relief, the defendant must have "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). We conclude that the district court did not clearly err in finding McKisick failed to meet this requirement. See United States v. Alarcon-Garcia, 327 F.3d 719, 721 (8th Cir. 2003) (standard of review). While such a finding must rest on more than the government's mere opinion that a defendant has been untruthful, see United States v. Kang, 143 F.3d 379, 382-83 (8th Cir. 1998), the government offered supporting testimony at sentencing, and McKisick did not carry his burden of showing affirmatively that the information he gave the government was truthful and complete, see United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc), cert. denied, 126 S. Ct. 1096 (2006). Given McKisick's ineligibility for safety-valve relief under 18 U.S.C. § 3553(f), and the absence of a government substantial-assistance motion under 18 U.S.C. § 3553(e), the district court had no authority to sentence McKisick below the statutory mandatory minimum. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003). Accordingly, we affirm.

_____