# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2711

———————

United States of America,       *
                                 *

          Appellee,       *

                                 *   Appeal from the United States

          v.               *   District Court for the

                                 *   District of Nebraska.

Alfredo Hernandez-Aguilar,   *

                                 *     [UNPUBLISHED]

          Appellant.     *

———————

Submitted: August 15, 2007
Filed: September 10, 2007

———————

Before BYE, RILEY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal of his 120-month prison sentence for conspiring to distribute methamphetamine, Alfredo Hernandez-Aguilar (Hernandez) argues the district court[1] erred in refusing to grant him a safety-valve reduction under U.S.S.G. § 5C1.2(a).

Upon careful review of the record, we conclude the court did not clearly err in determining Hernandez failed to demonstrate he was qualified for safety-valve relief.

---

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

See <u>United States v. Soto</u>, 448 F.3d 993, 995 (8th Cir. 2006) (standard of review). The information Hernandez provided during his safety-valve proffer interview regarding the quantity of drugs he had sold, the number of transactions he had with the government's confidential informant, and where he had obtained the drugs, was not consistent with the government's own observations and information. <u>See</u> <u>id.</u> at 996 (upholding denial of safety-valve reduction where defendant's story about his role in offense contradicted interviews of codefendants). Additionally, given the large drug quantities Hernandez was selling, the district court reasonably concluded Hernandez was also being untruthful when he claimed during his proffer interview that he could not identify his supplier. <u>See</u> <u>id.</u> (appellate court generally does not disturb district court's credibility findings).

Accordingly, we affirm.[2]

_____

_____

[2]Hernandez has filed a pro se motion in which he refers to two sentencing issues he wishes to raise. It is generally our policy not to consider pro se filings by a party who is represented by counsel, <u>see</u> <u>United States v. Dierling</u>, 131 F.3d 722, 734 n.7 (8th Cir. 1997), and in any event the arguments fail. Accordingly, we deny the motion.