# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1128

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal From the United |
| | * | States District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Margarito Cortez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2007
Filed: December 7, 2007

_____

Before MELLOY, BEAM, SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Margarito Cortez pleaded guilty to (1) conspiracy to distribute 500 grams or more of methamphetamine mixture, fifty grams or more of actual methamphetamine, and cocaine salt, and (2) distribution of fifty grams or more of actual methamphetamine. At sentencing, the only issue was whether Cortez provided a complete and truthful statement as required by United States Sentencing Guideline § 5C1.2(a)(5) to qualify for safety valve relief. The district court[1] held that Cortez failed to demonstrate by a preponderance of the evidence that he had been truthful and

_____

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

sentenced Cortez to the mandatory minimum–concurrent 120-month sentences of imprisonment.  Cortez appeals, claiming the district court erred in its safety valve determination.  We affirm.

"We will overturn a district court's findings with respect to safety valve eligibility only if they are clearly erroneous."  United States v. Guerra-Cabrera, 477 F.3d 1021, 1024-25 (8th Cir. 2007).  It is a defendant's burden to establish that he has met each of the eligibility requirements and "[a]ffirmance is required so long as the record supports those findings, regardless of which party is favored."  Id.  at 1025.  Additionally, we generally do not disturb a district court's credibility finding.  United States v. Soto, 448 F.3d 993, 996 (8th Cir. 2006).

The district court based its credibility determination on three main facts.  Demonstrated below, Cortez gave inconsistent accounts concerning the amount of cocaine he distributed as well as whether he saw two other men, who were in the bathroom of his trailer with him at the time the police executed the search warrant, flush cocaine down the toilet.  Additionally, there was conflicting testimony at sentencing as to whether Cortez ever sold drugs to two particular men.

During Cortez's initial interview with the police following his arrest, Cortez told the officer, among other things, that he distributed around twenty ounces of cocaine.  At a subsequent proffer interview, Cortez said he sold only eight ounces of cocaine and, when asked specifically, that he did not sell drugs to Raymond Barrone, Sr. or Raymond Barrone, Jr.  At sentencing, Cortez testified that, in fact, he sold around twenty ounces and that he was not truthful with the police during his proffer interview.

In rebuttal, the investigating officer testified about his involvement in the investigation and subsequent arrest of Cortez, including the officer's daily contact with a confidential informant who was living with Cortez.  This officer testified that based

upon the information received from the confidential informant, Ray Barrone, Sr. first introduced Cortez to the confidential source and Cortez sold drugs to Ray Barrone, Jr. Further, the officer testified that Ray Barrone, Jr. frequented Cortez's trailer. Finally, the officer testified that the bathroom in the trailer was quite small and it would be physically impossible for Cortez not to observe two others flushing cocaine down the toilet. Cortez testified at sentencing that he was in the bathroom brushing his teeth but did not see anything. The officer stated that there were three men, including Cortez, in the trailer bathroom at the time the police executed the search warrant, cocaine was on the faces of two of the men as well as on the floor and rim of the toilet, and that cocaine was flying everywhere.

Given these inconsistencies, the record supports the district court's finding that Cortez was untruthful and failed to meet his burden to prove he qualified for safety valve relief. The court did not clearly err in denying Cortez safety valve relief. We therefore affirm.

_____