Leeann K. Bell, Omar Atiq Syed, U.S. Attorney's Office, Minneapolis, MN, for Appellee.

James Erwin Ostgard II, Minneapolis, MN, for Appellant.

Kellie Jean Lovas, Elk River, MN, pro se.

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

PER CURIAM.

Kellie Jean Lovas challenges the 36-month sentence that the district court[1] imposed after she pleaded guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. For reversal, she argues that the district court clearly erred by finding that she was a minor rather than a minimal participant in the conspiracy. Having carefully reviewed the record, we affirm.

We cannot say that the district court clearly erred in finding that Lovas was not a minimal participant in the conspiracy. *See United States v. Bustos–Torres*, 396 F.3d 935, 947–48 (8th Cir.2005) (clear-error standard of review). Lovas presented no evidence that she was unaware of the scope of the extensive drug conspiracy, which was responsible for the distribution of approximately 95 grams of crack cocaine; she facilitated the conspiracy by allowing the use of her vehicle to deal drugs; she was present at times during such drug transactions; and she benefited from the drug proceeds, because she lived with one of her co-conspirators, the father of her child. *See* U.S.S.G. § 3B1.2, comment. (n.4) (minimal participant is plainly among least culpable of those involved in conduct of group; defendant's lack of knowledge or understanding of scope of enterprise and activities of others is indicative of role of minimal participant); *United States v. Goodman*, 509 F.3d 872, 876–77 (8th Cir.2007) (reversing minimal-role reduction when defendant, who admitted to participating in the conspiracy, presented no evidence that he lacked knowledge or understanding of scope of conspiracy and possessed materials required to manufacture methamphetamine); *United States v. Garvey*, 905 F.2d 1144, 1146 (8th Cir.1990) (per curiam) (reviewing court has upheld denial of mitigating-role reduction based solely on large amount of drugs involved).

Lovas's reliance on *United States v. Westerman*, 973 F.2d 1422 (8th Cir.1992), is misplaced. In that case, the district court improperly focused on the defendant's role in one part of the conspiracy, *see id.* at 1427, whereas the district court here considered Lovas's role within the conspiracy as a whole.

The judgment is affirmed.

**UNITED STATES of America, Appellee,**

v.

**Rose ADELIA–MARTINEZ, Appellant.**

**No. 07–1765.**

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 26, 2008.

Filed: Feb. 29, 2008.

---

1. The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Lynnett M. Wagner, U.S. Attorney's Office, Lincoln, NE, for Appellee.

Michael D. Nelson, Omaha, NE, for Appellant.

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

PER CURIAM.

Rose Adelia–Martinez (Adelia–Martinez) challenges the sentence the district court[1] imposed after Adelia–Martinez pled guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846. For reversal, Adelia–Martinez argues the district court erred in finding she was not eligible for safety-valve relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

Upon careful review of the record, we conclude the court did not clearly err in finding Adelia–Martinez did not truthfully provide the government with all the information and evidence she had concerning offenses related to the conspiracy. *See* 18 U.S.C. § 3553(f); *United States v. Soto*, 448 F.3d 993, 995–96 (8th Cir.2006) (stating the clear-error standard of review; upholding a denial of safety-valve relief where the defendant's story about his role in the offense contradicted interviews of the co-defendants; noting an appellate court generally does not disturb the district court's credibility findings).

We affirm.

---

1. The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.