# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2868

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Jose Beltran-Medina, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: June 30, 2008
Filed: July 1, 2008

———————

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Jose Beltran-Medina (Beltran) appeals the 120-month sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(b)(1), 846. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in denying Beltran safety-valve relief.

---

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

We conclude that the district court did not clearly err in denying safety-valve relief. In a post-arrest, videotaped interview with authorities, Beltran disclosed only the most basic facts of his offense and was less than forthcoming as to information he reasonably could have been expected to know. See United States v. Guerra-Cabrera, 477 F.3d 1021, 1025 (8th Cir. 2007) (defendant must do more than disclose basic facts of crime, and district court may hold defendant responsible for disclosing identities and participation of other individuals in offense if defendant could reasonably be expected to have such information); United States v. Soto, 448 F.3d 993, 995-96 (8th Cir. 2006) (standard of review; court is entitled to draw reasonable inferences from evidence when assessing truthfulness of safety valve proffer).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm the district court's judgment.

_____