# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3580

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Carlos Gutierrez-Hernandez, also | * | |
| known as Carlos Hernandez, also | * | [UNPUBLISHED] |
| known as Rafael Saucedo, | * | |
| | * | |
| Defendant – Appellant. | * | |

_____

Submitted: May 10, 2010
Filed: May 24, 2010

_____

Before RILEY, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

PER CURIAM.

Carlos Gutierrez-Hernandez pled guilty to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) and 846, and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(C). The district court[1] sentenced him to the statutory

_____

[1]The Honorable Harold Vietor, United States District Judge for the Southern District of Iowa.

minimum, sixty months imprisonment on each count to be served concurrently, and four years of supervised release. Gutierrez-Hernandez appeals the district court's conclusion that he was not entitled to safety valve relief pursuant to 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2. We affirm.

Gutierrez-Hernandez had the burden of establishing his eligibility for a safety valve sentencing reduction. United States v. Soto, 448 F.3d 993, 995 (8th Cir. 2006). The safety valve provision enables a district court to impose a sentence within the guideline range without regard to the statutory minimum if, among other conditions, "no later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense[.]" U.S.S.G. § 5C1.2(a)(5).

We review the district court's findings "as to the completeness and truthfulness of a defendant's safety-valve proffer" for clear error. United States v. Bolanos, 409 F.3d 1045, 1047 (8th Cir. 2005). Record evidence showed that Gutierrez-Hernandez did not disclose "all information and evidence" in his possession. To the contrary, he made inconsistent and incomplete statements to investigating officers. At his sentencing hearing, defense counsel acknowledged that Gutierrez-Hernandez's admissions during his interview on the day of his arrest were not "complete or comprehensive in any way," and that he did not "fully [tell] the truth" in his subsequent proffer interview. Gutierrez-Hernandez points to his plea hearing, where he answered "yeah" to the magistrate judge's questions confirming his commission of certain criminal acts that provided a factual basis for his plea. Even taking into account these statements, however, record evidence indicated that Gutierrez-Hernandez knew more about at least two coconspirators than he admitted. "[L]imited admissions" do not qualify Gutierrez-Hernandez for safety valve relief. United States v. Alvarado-Rivera, 412 F.3d 942, 948 (8th Cir. 2005) (en banc).

Accordingly, we affirm the judgment of the district court.
_____