# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-3940

_____

United States of America,

           Plaintiff – Appellee,

v.

Van Phong Nguyen, also known as
Buffalo,

           Defendant – Appellant.

 

_____

No. 09-1026

_____

United States of America,

           Plaintiff – Appellee,

v.

Nam Trong Tung Nguyen,

           Defendant – Appellant.

Appeals from the United States
District Court for the
Southern District of Iowa.

_____

Submitted: October 21, 2009
Filed:  June 14, 2010

_____

Before LOKEN, Chief Judge,[1] MURPHY, and BYE, Circuit Judges.
_____

BYE, Circuit Judge.

Van Nguyen and Nam Nguyen[2] were indicted together and separately tried for and convicted of conspiracy to distribute and possess with the intent to distribute ecstasy in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Van Nguyen appeals his conviction and sentence and Nam Nguyen appeals only his sentence. We affirm Van Nguyen's conviction and both of the district court's[3] sentences.

I

Van Nguyen was arrested on December 20, 2006, when he arrived in Minnesota to deliver 12,000 ecstasy pills he had arranged to sell to a Federal Bureau of Investigation (FBI) informant. Van was charged in the District of Minnesota with conspiring with a local courier to distribute and possess with intent to distribute the 12,000 pills in his possession at the time of his arrest. He cooperated with authorities at first and confessed to selling 10,000 pills on one occasion and 5,000 pills on another to someone named "Nam" (later determined to be the other appellant, Nam Nguyen) in Iowa. Van admitted he was going to send 10,000 of the 12,000 pills in his possession to Iowa. A text message on Van's phone alerted authorities that he planned to meet Nam in Davenport, Iowa. At the direction of FBI agents, Van called Nam and

[1]The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010. He has been succeeded by the Honorable William Jay Riley.

[2]Since the defendants share a last name, we will sometimes refer to them by their first names for clarity.

[3]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

had a recorded conversation with him about the meeting. Van then refused to cooperate further with the government and pleaded guilty, on May 11, 2007, to conspiracy to distribute and possess with intent to distribute the 12,000 ecstasy pills.

II

Subsequently, during a 2007 investigation into a Davenport area ecstasy distribution ring, an informant told Drug Enforcement Agency (DEA) agents about a 10,000 pill drug deal involving Nam and an unknown supplier, who later turned out to be Van, in Minnesota in Fall of 2006. FBI agents then gave the DEA agents the information gathered during their investigation of Van in Minnesota, including the recorded call between Van and Nam, and Van's confession that he had supplied Nam with ecstasy pills on two previous occasions and that he intended to send 10,000 of the 12,000 ecstasy pills in his possession at the time of arrest to Nam in Iowa.

The government charged Van Nguyen and Nam Nguyen in the Southern District of Iowa with conspiracy to distribute and to possess with intent to distribute ecstasy. The defendants were tried separately, a few days apart. Van filed a motion to dismiss, arguing the charges were a breach of his plea agreement in the Minnesota case, and venue was not proper in Iowa because his participation in the conspiracy took place in Minnesota. The district court denied the motion. During trial, Van brought a motion to suppress his statements made to FBI agents on the third day he was in custody, because agents did not repeat the Miranda warnings to him that day. The district court denied the motion. Van also filed a motion in limine in the Iowa trial, seeking to exclude evidence of his arrest and prosecution in Minnesota. The Government agreed not to present all the evidence related to his arrest and conviction and stated it would present only evidence relevant to the Iowa conspiracy. The district court ruled the evidence was admissible and could be used at trial. However, the court instructed the jury it was not to consider the earlier conspiracy conviction as proof of

guilt for the charged conspiracy but only as evidence that Van knew the purpose of the charged conspiracy.

The jury convicted Van Nguyen after finding that venue was proper in the Southern District of Iowa. The district court sentenced Van to 210 months of imprisonment. Nam Nguyen was also convicted and was sentenced to 188 months of imprisonment. These appeals followed.

III

Van Nguyen argues the prosecution in Iowa was a breach of the Government's promises in his plea agreement in the Minnesota case. Interpretation of a plea agreement is an issue this court reviews *de novo*. United States v. Paton, 535 F.3d 829, 835 (8th Cir. 2008). Plea agreements are interpreted as contracts and any ambiguities are construed against the government. United States v. Stobaugh, 420 F.3d 796, 800 (8th Cir. 2005).

The plea agreement references only the twenty-day conspiracy between Van Nguyen and a courier to effect the 12,000-pill Minneapolis transaction. The Iowa case involved a five-month conspiracy to commit multiple acts. Van argues there was an implied promise to sentence him for all drug transactions known to the government at the time of the Minneapolis plea deal and the government was therefore precluded from pursuing separate charges based on any information in its possession at the time of the deal. Van does not cite to authority for that proposition. The plea agreement does not contain an agreement not to prosecute other offenses. In United States v. Peck, 496 F.3d 885, 889 (8th Cir. 2007), we found that the government did not breach its promise not to file additional charges when it sought sentencing enhancements based on additional crimes where the plea agreement was silent on the question of enhancement. Similarly, the government did not breach the Minnesota plea

agreement, which was silent on the question of additional charges, when it prosecuted Van Nguyen in Iowa for a separate conspiracy.

## IV

Van Nguyen next claims the jury[4] wrongly determined that venue was appropriate in Iowa. Where the relevant facts are disputed, venue is a question of fact for the jury to decide. United States v. Bascope-Zurita, 68 F.3d 1057, 1062 (8th Cir. 1995). However, where the relevant facts are not in dispute, the court may determine venue as a matter of law. Id. Venue is proper in a conspiracy case in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators. Id. Van argues he did not commit an overt act in Iowa in furtherance of the conspiracy. However, venue is proper in a conspiracy case in any district where *any* conspirator commits an overt act, even if other conspirators were never physically present in that district. United States v. Hull, 419 F.3d 762, 768 (8th Cir. 2005). There is no dispute that Van's co-conspirator, Nam, was in Iowa and committed acts in furtherance of the conspiracy there. Van's argument fails as a matter of law and we have no basis for overturning the jury's finding that venue was proper in the Southern District of Iowa.

## V

Van Nguyen argues the district court erred when it denied his motion to suppress evidence based on a claimed violation of his rights under Miranda v.

---

[4]Van Nguyen asked this court to review the question of whether the entire jury pool was tainted because one juror, who was stricken for cause, made the comment, "I was in Vietnam, but I don't really like the idea of them being here in the United States." We have reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988) and have found no support for the claim that the jury was in any way affected by that comment. We therefore find no nonfrivolous issue for review.

Arizona, 384 U.S. 436 (1966). This court reviews legal determinations in the denial of a motion to suppress *de novo* but reviews the underlying factual determinations for clear error. United States v. Coleman, 349 F.3d 1077, 1083 (8th Cir. 2003). Miranda rights are triggered only when a defendant is being interrogated in police custody. United States v. Hatten, 68 F.3d 257, 262 (8th Cir. 1995). There is no dispute that Van was in custody at the time he made the statements at issue. There is also no dispute that he was being interrogated at the time he made the statements. Van claims that he did not knowingly and voluntarily waive his Miranda rights because a full day passed between the time agents read him his full rights and the time he was questioned. Van argues the district court should have suppressed statements made during the third day he was in custody.

The determination of whether a defendant has knowingly and voluntarily waived his Miranda rights is an extremely fact sensitive analysis. United States v. Boyd, 180 F.3d 967, 977 (8th Cir. 1999). Circumstances to be considered include the background, experience, and conduct of the accused. Id. Van Nguyen has not presented any case indicating that a lapse of time alone requires reiteration of the full Miranda warnings. This court has found that a one-and-a-half to two-hour delay between Miranda warnings and questioning does not preclude a knowing and voluntary waiver. Id. We found, in Stumes v. Solem, 752 F.2d 317, 320 (8th Cir. 1985), that a delay of up to six and a half hours between Miranda warnings and interrogation of an intelligent and articulate adult who had significant experience with the criminal justice system did not render the waiver of Miranda rights ineffective. In United States v. Ferrer-Montoya, 483 F.3d 565, 569-70 (8th Cir. 2007), we determined that a one-hour delay between Miranda warnings and questioning did not affect waiver because the defendant was in custody the entire time without asserting his Miranda rights and there was no evidence of coercive conduct on the part of authorities.

-6-

This court has not considered circumstances involving a time lapse of a full day between a <u>Miranda</u> warning and subsequent interrogation but the Third Circuit found, in <u>United States v. Pruden</u>, 398 F.3d 241, 246-47 (3d Cir. 2005) that a twenty-hour lapse between <u>Miranda</u> warnings and subsequent interrogation did not render the defendant's waiver ineffective where the defendant had substantial experience with the criminal justice system and agents asked just before questioning if he remembered his rights. The Ninth Circuit has found a delay of up to three days does not render a reading of <u>Miranda</u> rights stale. <u>Maguire v. United States</u>, 396 F.2d 327, 331 (9th Cir. 1968). In an outlier case, the Fifth Circuit found that a defendant who had waived her rights after a full reading of <u>Miranda</u> warnings effectively waived her rights again, after more than ten days during which she was not in police custody, when she was merely asked if she understood her rights. <u>Biddy v. Diamond</u>, 516 F.2d 118, 120-21 (5th Cir. 1975).

Van Nguyen is an immigrant whose command of the English language is debatable. However, the interviews in question were conducted by a Vietnamese-speaking agent. Van has extensive experience with the criminal justice system. He was given the full <u>Miranda</u> warnings in his first interview. Van takes issue with an FBI agent's testimony that the agent gave Van the full <u>Miranda</u> warnings again at his second interview but all parties agree that Van was at least reminded of his rights at that time. The officers reminded Van of his rights before questioning him at the third interview on day three. Van acknowledged both times that he remembered and understood his rights. Van was transferred from the police department where he was initially interviewed, to the county jail where he was interviewed on the second day, to the FBI offices where the final interview took place. However, all of the interrogations were conducted by the same team of agents. Under these circumstances, we cannot say it was clear error for the district court to find that Van Nguyen had knowingly and voluntarily waived his rights and, as a result, the district court did not err when it denied the motion to suppress.

## VI

Van Nguyen made an oral request for substitution of counsel at the close of the motions hearing thirteen days before trial and he argues the district court abused its discretion in denying that request. We review the denial of a motion for substitute counsel for abuse of discretion. United States v. Grady, 997 F.2d 421, 423-24 (8th Cir. 1993). In order to prevail on his motion, Van had to show justifiable dissatisfaction with counsel. Id. at 424. Reasons for justifiable dissatisfaction include "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991). Van testified he felt his counsel had pressured him to communicate with the FBI and had not come to the jail to speak to him when requested to do so. Counsel responded he was obligated to advise Van about the possibility of cooperating with authorities but stated he respected Van's choice not to cooperate. Counsel pointed out that, although he was not able to come to the jail at the moment Van called, he visited Van in prison the next day. There was is no evidence in the record of a conflict of interest, irreconcilable conflict, or a complete breakdown in communication with counsel. The district court did not abuse its discretion when it denied the request for substitute counsel.

## VII

Van also challenges the sufficiency of the evidence supporting his conviction. This court reviews the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government, resolving all conflicts in the government's favor, and accepting all reasonable inferences that support the verdict. United States v. Scofield, 433 F.3d 580, 584-85 (8th Cir. 2006). "We will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." Id. at 585.

In order to convict Van Nguyen of conspiracy to distribute and to possess with intent to distribute ecstasy, the government was required to prove 1) a conspiracy to distribute drugs existed; 2) Van knew of the conspiracy; and 3) he intentionally joined the conspiracy. United States v. Nolen, 536 F.3d 834, 842 (8th Cir. 2008). Van's entire challenge is an attack on the credibility of one witness, Kiet Kieu. Credibility determinations by a jury are "virtually unassailable on appeal." United States v. Vickers, 528 F.3d 1116, 1120 (8th Cir. 2008). Van points out inconsistencies in Kieu's testimony and argues that there was not sufficient evidence linking Van to one of the transactions involved in the conspiracy. A review of the record shows there was evidence to corroborate Kieu's testimony about Van's involvement, including Van's admissions that he supplied drugs to Nam on several occasions, the recorded call to Nam about a prospective drug deal, and phone records showing calls and text messages with other members of the conspiracy. There was sufficient evidence to support the conviction.

VIII

Van Nguyen filed a motion in limine to exclude evidence of the 12,000-pill transaction in Minnesota on the grounds that it violated Fed. R. Evid. 403. He argues that it also violated Rule 404(b). We review the district court's decision to admit evidence for abuse of discretion. United States v. Valencia, 61 F.3d 616, 618 (8th Cir. 1995).

Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. "We give great deference to a district court's application of the Rule 403 balancing test." United States v. Lupino, 301 F.3d 642, 646 (8th Cir. 2002). Van Nguyen argues that the admission of evidence regarding the Minnesota transaction did little to prove the government's case and involved a substantial risk that the jury would convict him for "being a drug dealer" instead of for the specific crimes alleged in the indictment.

The district court limited the admissible evidence of the Minnesota transaction to facts necessary to give context to the evidence gathered during that arrest. Quite a bit of evidence directly relevant to the Iowa conspiracy was collected during the Minnesota arrest, including Van's phone call to Nam regarding a prospective drug deal in Iowa, the text messages with Nam, and Van's admissions regarding a number of drug transactions, including his admission that some of the drugs he conspired to possess in Minnesota were going to be passed on to the Iowa conspiracy members. The prosecutor twice admonished the jury not to consider the evidence for improper purposes. In light of fact that much of the evidence surrounding the Minnesota transaction was direct evidence of the conspiracy charged in the instant case, and taking into account the limited nature of the evidence, the district court did not abuse its discretion when it admitted the evidence.

The government argues the limited evidence admitted was inextricably intertwined with the evidence of the conspiracy and was therefore not subject to rule 404(b). See United States v. Adams, 401 F.3d 886, 899 (8th Cir. 2005). Van argues that the government could have explained the other evidence it obtained without disclosing the reasons for Van's arrest and cooperation in Minnesota. It is not necessary to determine the whether these two conspiracies were "inextricably intertwined" because the district court limited its admission of evidence of the 12,000-pill Minnesota transaction to facts necessary to show that some of those pills were destined for the Iowa conspiracy. Therefore, the evidence was not "evidence of other crimes, wrongs, or acts" under Rule 404(b), but was evidence of the criminal activity directly charged in the case at bar. The district court did not abuse its discretion when it admitted evidence of the 12,000-pill Minnesota transaction.

IX

Van Nguyen argues the district court improperly calculated his base offense level because it used the wrong weight for the ecstasy pills attributable to him. We

review the district court's determination of drug quantity for clear error. <u>United States v. Gomez-Perez</u>, 452 F.3d 739, 743 (8th Cir. 2006). The government analyzed the pills from the Minnesota conspiracy (which were blue) and determined they weighed between 320 and 325 mg. The presentence investigation report suggested a 300mg standard for the pills attributed to Van as a result. Van argues the pills should have been standardized at 46.8 mg per pill because that was the weight attributed to the pills seized from Kiet Kieu, another member of the conspiracy. Kieu testified that he bought pink pills from Van at one point in the conspiracy. Van argues the district court should have used that potency for all the pills attributable to Van. However, the record shows Kieu had long ceased dealing with Van at the time of his arrest and the pills seized from Kieu were from another supplier. There was no evidence that the pills sized from Kieu were of the same potency as any pills he had earlier purchased from Van.

At sentencing, the district court used the default weight of 250mg suggested in the Guidelines because there was testimony that the pills Van was selling varied in color and potency. United States Sentencing Guidelines Manual § 2D1.1, comment, n.11 directs a district court to use the Typical Weight Per Unit Table (from which the 250mg weight was taken) unless "any more reliable estimate of the total weight is available from case-specific information." In light of the evidence that the instant conspiracy involved a variety of pills, many of which were not available for chemical analysis, it was not error for the district court to use the Typical Weight Per Unit Table.

X

Van Nguyen argues the district court imposed an unreasonable sentence. Van's sentence was within the guidelines range and we presume on appeal that the sentence was reasonable. <u>See</u> <u>Rita v. United States</u>, 127 S.Ct. 2456, 2462-63 (2007). Van's only argument as to reasonableness is that his sentence should not have exceeded the

-11-

time he would have served had he been held responsible for all the instant offenses in his original Minnesota conviction. Van bears the burden of proving that his sentence was unreasonable. <u>Peck</u>, 496 F.3d at 891. He has failed to cite any authority to support his assertion that the district court was required to ensure that his sentence for the conspiracy in Iowa did not exceed the sentence he could have been given had all the acts in the Iowa conspiracy been attributed to him when he was sentenced in Minnesota. The district court did not impose an unreasonable sentence.

## XI

Nam Nguyen attacks his sentence, arguing the district court improperly denied him U.S.S.G. § 5C1.2(a)(5) safety valve relief. We review a district court's findings as to the completeness of a defendant's safety valve proffer for clear error. <u>United States v. Rojas Corla</u>, 401 F.3d 871, 873 (8th Cir. 2005). Under U.S.S.G. § 5C1.2(a)(5), a defendant is only eligible for safety valve relief if, not later than the time of the sentencing hearing, he has truthfully provided to the government all information and evidence in his possession concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. The fact that a defendant has no relevant or useful other information to provide or that the government is already aware of the information does not preclude a determination by the court that the defendant has complied with the requirement. <u>Id.</u>

The district court found that Nam Nguyen's safety valve statement was not credible and did not represent a truthful account of his involvement. We accord great deference to a district court's credibility determination. <u>United States v. Crumley</u>, 528 F.3d 1053, 1068 (8th Cir. 2008). The safety valve statement directly contradicted Nam's testimony at trial and Nam has not provided any authority that would suggest that a district court cannot rely on that fact to find the safety valve statement less than credible. "In making its assessment of the truthfulness of a safety valve proffer, the district court is entitled to draw reasonable inferences from the evidence." <u>United</u>

States v. Soto, 448 F.3d 993, 996 (8th Cir. 2006). The testimony of several witnesses contradicted the facts set forth in the safety valve statement and the district court agreed with the government that Nam attempted to minimize his role when he made the safety valve statement. Under those circumstances, it was not clear error for the district court to refuse to accord Nam safety valve relief.

## XII

Nam Nguyen also argues the district court attributed the wrong quantity of drugs to him and miscalculated his base offense level as a result. We review the district court's determination of drug quantity for clear error. Gomez-Perez, 452 F.3d at 743. Although the safety valve issue was debated at sentencing, Nam agreed with the government that the proper base offense level calculated using the drug amounts attributable to him was 34.

> [DEFENSE COUNSEL]: We would therefore argue that applying either the 250 milligrams or the 341 milligrams of some other drug that was tested up in Minnesota, either way you calculate it, 30,000 pills versus the 46 that the government has now adopted as the true amount, it comes to a 34 offense level and with a two-level downward departure for safety valve, that would put his offense level at 32.
>
> THE COURT: He got an adjustment for obstruction of justice.
>
> [DEFENSE COUNSEL]: Correct. I'm sorry. It would -- I forgot about that. In essence it would -- one would negate the other so he'd be a level 34.

He has therefore waived the argument on appeal. See United States v. White, 447 F.3d 1029, 1031 (8th Cir. 2006) (acknowledging facts set forth in PSR constituted withdrawal of an objection to those facts and waiver of that issue on appeal); United States v. McCoy, 496 F.3d 853, 856 (8th Cir. 2007) (conceding application of mandatory minimum at sentencing constituted waiver of right to appeal that issue).

In addition, Nam's only argument on this score is the district court improperly relied on the testimony of witnesses who were not credible and disregarded Nam's testimony. As discussed above, the district court found Nam not credible. In addition, if the district court abused its discretion in relying on other witnesses, Nam still loses on this issue because he admitted to facts in his safety valve statement that would support the attribution to him of more pills than were taken into account for his sentencing.

For the foregoing reasons, we affirm the judgment of the district court in both cases.

_____