# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2748

———————

United States of America,

        Appellee,

v.

Carlos Ramos-Rogel,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of South Dakota.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: February 16, 2011
Filed: February 28, 2011

———————

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.

———————

PER CURIAM.

In this direct appeal of a seventy-eight-month prison sentence for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), Carlos Ramos-Rogel contends the district court[1] erred in denying a two-level safety valve reduction pursuant to United States Sentencing Guidelines Manual § 5C1.2.[2]

———————

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

[2]Ramos-Rogel initially challenged the district court's denial of his motion to suppress evidence, but he has since waived consideration of that issue because he failed to enter a conditional plea of guilt preserving the issue on appeal. See United

Upon careful review of the record, we conclude the district court did not clearly err in determining Ramos-Rogel failed to qualify for safety valve relief. See United States v. Aguilera, 625 F.3d 482, 488 (8th Cir. 2010) ("The defendant has the burden to prove that he qualifies for this relief, and we review for clear error the district court's findings about the completeness and truthfulness of a defendant's provision of information."). Ramos-Rogel told several different versions of how he obtained methamphetamine for distribution. Law enforcement reviewed recent phone calls made to and from Ramos-Rogel's cell phone around the time of a controlled buy and discovered he had called his cousin, Gerson Rivas, in between calls to the informant who set up the controlled buy. Specifically, after the informant requested a quantity of methamphetamine, Ramos-Rogel indicated he would check with his source; Ramos-Rogel immediately thereafter called Rivas, and then called the informant back and indicated he could line up the sale. In addition, the vehicle Ramos-Rogel was driving during the transaction was registered to Rivas, and the informant indicated he had previously purchased drugs from Rivas's residence. Ramos-Rogel initially denied making any calls to Rivas, and upon further questioning, he had no explanation for the call other than to deny Rivas took part in the transaction.

Based on the testimony provided at sentencing, the district court could reasonably infer Ramos-Rogel had not "truthfully provided . . . all information and evidence" concerning the crime. 18 U.S.C. § 3553(f)(5); see also United States v. Nguyen, 608 F.3d 368, 378 (8th Cir. 2010) ("'In making its assessment of the truthfulness of a safety valve proffer, the district court is entitled to draw reasonable inferences from the evidence.'") (quoting United States v. Soto, 448 F.3d 993, 996 (8th Cir. 2006)). "To qualify for the safety valve exception, a defendant must disclose all information about his involvement in the crime, including the identities and participation of others." United States v. Alvarado, 615 F.3d 916, 923 (8th Cir.

States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007) ("A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses.").

2010); see also United States v. Guerra-Cabrera, 477 F.3d 1021, 1025 (8th Cir. 2007) ("[A defendant] must disclose whatever information he has about his offense, and the district court can hold him accountable for revealing the identities and participation of others involved in the offense if it could reasonably be expected he would have such information."). Given the inconsistencies in Ramos-Rogel's stories and the reasonable inferences that may be drawn from the evidence regarding Rivas's involvement in the offense, the district court's finding was not clearly erroneous.

Accordingly, we affirm the district court's sentence.

_____