# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2547

_____

United States of America,     *
    *
        Appellee,     *
    *
v.     *
    *
Johnny Cuong Tran,     *
    *
        Appellant.     *


_____

No. 10-2603

_____

Appeals from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

United States of America,     *
    *
        Appellee,     *
    *
v.     *
    *
Annie Huyen Vu,     *
    *
        Appellant.     *

_____

Submitted: February 18, 2011
Filed: March 15, 2011

_____

Before WOLLMAN and BYE, Circuit Judges, and FLEISSIG,[1] District Judge.
_____

PER CURIAM.

Johnny Tran and Annie Vu each pleaded guilty to one count of conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, for their involvement in a large-scale indoor marijuana manufacturing conspiracy. At sentencing for each defendant, the district court[2] imposed the mandatory minimum sentence of 120 months' imprisonment after it denied safety valve relief. On appeal, Tran and Vu challenge the district court's safety valve determination. We affirm.

I

"The safety-valve provisions permit a district court to impose a sentence below the statutory minimum term of imprisonment if, among other requirements, 'the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.'" United States v. Aguilera, 625 F.3d 482, 487-88 (8th Cir. 2010) (quoting 18 U.S.C. § 3553(f)(5)). "The defendant has the burden to prove that he qualifies for this relief, and we review for clear error the district court's findings about the completeness and truthfulness of a defendant's provision of information." Id. at 488 (citing United States v. Soto, 448 F.3d 993, 995 (8th Cir. 2006)). "Affirmance is required if the record supports the court's findings, regardless of which party is favored." United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc).

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

A. Whether Tran Qualified for Safety Valve Relief

Tran contends the district court clearly erred in determining he failed to qualify for the safety valve provisions because the court abdicated its responsibility to make a factual determination, and instead it simply took the government's word. Although the court had before it testimony from Tran's brother concerning details of the marijuana growing operation, Tran argues the court did not have any evidence of what Tran stated in his proffer session, and therefore it could not cite the inconsistency between the brother's testimony and the proffer statement described by the government in making its safety valve determination.

We find no clear error in the district court's safety valve determination. First, Tran's argument confuses the burden of proof. The government did not have the burden to establish Tran's ineligibility for safety valve relief; rather, he had the burden of establishing he provided complete and truthful information. See United States v. Razo-Guerra, 534 F.3d 970, 974 (8th Cir. 2008) ("Razo's assertion that Agent Wagner's testimony did not conclusively establish Razo's knowledge of the drugs confuses the burden of proof; the Government had no burden to put on any evidence concerning Razo's eligibility for safety valve relief."). Moreover, any attempt by Tran to shift the burden to the government in light of his proffer has been squarely rejected by this court. See United States v. Guerra-Cabrera, 477 F.3d 1021, 1026 (8th Cir. 2007) (refusing the defendant's suggestion to shift the burden of proof to the government if the government finds the proffer inadequate because this argument was squarely rejected by the en banc court in Alvarado-Rivera).

Second, "[w]hile such a finding [of a defendant's ineligibility for safety valve relief] must rest on more than the government's mere opinion that a defendant has been untruthful," United States v. McKisick, 216 F.App'x. 621, 622 (8th Cir. 2007) (unpublished per curiam), we have rejected arguments similar to Tran's where the government offered supporting testimony at sentencing and the defendant failed to

demonstrate he provided truthful and complete information. See id. ("[T]he government offered supporting testimony at sentencing, and [the defendant] did not carry his burden of showing affirmatively that the information he gave the government was truthful and complete."). Notably, Tran does not contend he provided a truthful proffer. In meeting his burden, Tran "must disclose whatever information he has about his offense, and the district court can hold him accountable for revealing the identities and participation of others involved in the offense if it could reasonably be expected he would have such information." Guerra-Cabrera, 477 F.3d at 1025.

The record shows Tran provided limited admissions to the government by not disclosing his complete involvement in the offense. See Alvarado-Rivera, 412 F.3d at 948 ("[L]imited admissions in the face of evidence implicating [a defendant] in major drug activity" do not equate to providing truthful and complete information necessary for safety valve relief). This much was demonstrated by his brother's testimony, which contradicted Tran's version of the extent of his involvement in the offense. See United States v. Nguyen, 608 F.3d 368, 378 (8th Cir. 2010) ("The testimony of several witnesses contradicted the facts set forth in the safety valve statement and the district court agreed with the government that [the defendant] attempted to minimize his role when he made the safety valve statement."); United States v. Gomez-Perez, 452 F.3d 739, 742 (8th Cir. 2006) (affirming the denial of safety valve relief where the defendant's proffer statements "were inconsistent with other defendants who discussed his drug activity"). Based on these inconsistencies, the record supports the district court's findings, see Alvarado-Rivera, 412 F.3d at 947, and the district court did not clearly err in denying safety valve relief to Tran.

B.  Whether Vu Qualified for Safety Valve Relief

Similar to Tran, Vu was given multiple opportunities to participate in a proffer with the government to achieve safety valve relief. In her second proffer, Vu modified some of her earlier statements, causing the government to believe she was

not being truthful in her initial proffer. Vu concedes she provided some inconsistent information in her second proffer, but she argues the "common theme of both proffers" was her involvement in drug trafficking, and she indicated the involvement of other co-conspirators despite the untruthful information.

Vu's position that she is entitled to safety valve relief despite her inconsistent proffers has no support under our precedent, which requires a defendant to demonstrate she "has truthfully provided to the Government all information regarding the relevant crime before sentencing." United States v. Castaneda, 221 F.3d 1058, 1059 (8th Cir. 2000) (per curiam) (internal quotation marks and citation omitted). It is undisputed Vu provided inconsistent statements at her second proffer and was not fully truthful. Given the inconsistencies and the lack of complete information in Vu's proffers, the district court's finding was not clearly erroneous. See Guerra-Cabrera, 477 F.3d at 1025 ("[The defendant] must disclose whatever information he has about his offense, and the district court can hold him accountable for revealing the identities and participation of others involved in the offense if it could reasonably be expected he would have such information."); Alvarado-Rivera, 412 F.3d at 948 ("[L]imited admissions" do not suffice for safety valve relief).

II

We affirm the district court's sentences.

_____