# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3481

_____

United States of America,           *

                                 *

           Appellee,         *

                                 *   Appeal from the United States

      v.                    *   District Court for the

                               *   District of Nebraska.

Alejandro Artemio Alcala,     *

                               *        [UNPUBLISHED]

         Appellant.        *

_____

Submitted:  June 29, 2012
Filed:  July 13, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Alejandro Alcala pleaded guilty to three counts of distributing and possessing with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1).  At sentencing, defense counsel conceded that Mr. Alcala would be unable to bear his burden of proving that he had truthfully provided the government with all the information and evidence he had concerning the offense of conviction and relevant conduct, so as to warrant relief from the statutory minimum sentence under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  The district

court[1] sentenced Mr. Alcala at the bottom of the advisory Guidelines range to concurrent prison sentences of 87 months, and also imposed concurrent supervised release terms of 5 years and 3 years. On appeal, counsel moves to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Mr. Alcala's guilty plea was involuntary because he pleaded guilty with the belief that he was eligible for safety-valve relief. This argument, however, is not properly before us. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim of involuntary guilty plea first must be presented to district court).

To the extent counsel is also arguing that the district court erred in denying safety-valve relief to Mr. Alcala, this argument fails, because the court was presented with information that Mr. Alcala had given the government inconsistent and incredible statements about his drug activities. See United States v. Soto, 448 F.3d 993, 995 (8th Cir. 2006) (district court's findings are reviewed for clear error as to completeness and truthfulness of defendant's safety-valve proffer, for purpose of determining whether defendant is entitled to safety-valve sentencing reduction; defendant has burden to prove that he qualified for safety-valve sentencing reduction).

Finally, having carefully reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.