# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1815

_____

United States of America

*Plaintiff - Appellee*

v.

Ernestina Gonzalez-Lemus

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: December 10, 2012
Filed: December 21, 2012
[Unpublished]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ernestina Gonzalez-Lemus (Gonzalez-Lemus) appeals the sentence imposed by the district court[1] on her conviction for conspiracy to distribute fifty grams or more

---

[1]The Honorable Richard G. Kopf, United States District Court for the District of Nebraska.

of methamphetamine. She asks the court to vacate the sentence and remand the case for re-sentencing pursuant to 18 U.S.C. § 3553(f), the "safety valve" provision. We affirm.

Gonzalez-Lemus and her boyfriend, Jose Arambula Ruiz (Ruiz), lived together in Lincoln, Nebraska, where Ruiz was employed as a construction worker and Gonzales-Lemus worked from home. In early 2011, one of Ruiz's co-workers offered to introduce Ruiz and Gonzalez-Lemus to Olga Reyes (Reyes), his drug supplier. Gonzalez-Lemus and Ruiz met with Reyes and arranged to obtain methamphetamine from her to sell in the Lincoln area.

On April 18, 2011, DEA agents observed as Gonzalez-Lemus and Ruiz met with a police informant to arrange the sale of methamphetamine. During the meeting, Ruiz told the informant he and Gonzalez-Lemus had been selling two to three pounds of methamphetamine each week. Gonzalez-Lemus told the informant she could also obtain cocaine if the informant was interested. The informant later visited their residence to complete a controlled purchase of methamphetamine.

Based on evidence later obtained during a lawful search of the residence, the government charged Gonzalez-Lemus, Ruiz, and Reyes with conspiracy to distribute fifty grams or more of methamphetamine. The government and Gonzalez-Lemus negotiated a plea agreement, which included a provision for a waiver of Gonzalez-Lemus's right to appeal.[2]

At the plea hearing, the magistrate judge had the prosecutor summarize the plea agreement and then asked Gonzalez-Lemus, through an interpreter, whether she had understood it, to which Gonzalez-Lemus indicated she had. The magistrate judge

---

[2]The plea agreement allowed Gonzalez-Lemus to pursue an appeal in limited circumstances, none of which are implicated here.

found Gonzalez-Lemus had knowingly, intelligently, and voluntarily entered the plea, a finding which the district court adopted when it accepted the plea agreement.

Prior to the sentencing hearing, Gonzales-Lemus participated in a proffer interview with law enforcement, offering details about the conspiracy. She told the interviewer about the co-worker who had introduced her and Ruiz to Reyes but was unable to give more than a general description of him. She also claimed the sale to the informant was the first one in which she and Ruiz had engaged. In describing the negotiation of the sale, she initially denied being present for or being a part of the conversation with the informant. After a discussion with her attorney, Gonzalez-Lemus then admitted she had participated in the conversation.

At the sentencing hearing, Gonzalez-Lemus argued in favor of a reduced "safety valve" sentence pursuant to 18 U.S.C. § 3553(f). The district court concluded she was not eligible for a reduced sentence, finding she had not given complete and truthful information during the proffer interview. The district court then sentenced Gonzalez-Lemus to 108 months' incarceration. She now appeals her sentence.

On appeal, Gonzalez-Lemus again asserts she was eligible for a "safety valve" sentence pursuant to 18 U.S.C. § 3553(f) and urges the court to vacate her sentence and remand the case for re-sentencing. The government argues we do not need to reach the merits of Gonzalez-Lemus's sentencing argument because she waived her right to pursue this appeal in the plea agreement. Accordingly, we must first determine whether the waiver of the right to appeal was valid. We typically review de novo whether a valid waiver of appellate rights occurred. United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009). However, where, as here, the defendant challenges the sufficiency of the district court's Rule 11 colloquy for the first time on appeal, we review for plain error. United States v. Frook, 616 F.3d 773, 777 (8th Cir. 2010).

Gonzalez-Lemus argues the court should find the waiver of her right to appeal invalid because the magistrate judge failed to conduct the colloquy required by Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure to determine whether the waiver was knowing, intelligent, and voluntary. In pertinent part, Rule 11(b)(1)(N) requires a court to "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal" before the court may accept a plea of guilty. "We have frequently declined to enforce an appeal waiver when the record does not establish that the district court engaged in the colloquy required by Rule 11(b)(1)(N)." United States v. Boneshirt, 662 F.3d 509, 516 (8th Cir. 2011) (citations omitted) *cert. denied*, 132 S. Ct. 1613 (2012).

Relying on United States v. Sui Kuen Ma, 290 F.3d 1002 (9th Cir. 2002), the government urges us to conclude the absence of a specific discussion between the magistrate judge and Gonzalez-Lemus regarding the appeal waiver did not invalidate the waiver, arguing the prosecutor's reference to the waiver provision while summarizing the plea agreement was sufficient to replace the required colloquy. We note that, in Ma, the Ninth Circuit concluded a prosecutor's summary of a plea agreement was insufficient to replace the colloquy requirement of Rule 11. Id. at 1005. We similarly conclude the prosecutor's reference to the waiver provision here while summarizing the plea agreement was insufficient to satisfy the colloquy requirement of Rule 11(b)(1)(N). We also conclude the absence of the required colloquy by the district court in this case to constitute plain error and decline to enforce the appeal waiver.

Gonzalez-Lemus argues the district court erred by holding her to be ineligible for a "safety valve" sentence pursuant to 18 U.S.C. § 3553(f) on the basis of its finding that she had not provided complete and truthful information during her proffer interview. In pertinent part, 18 U.S.C. § 3553(f)(5) sets forth a requirement for a defendant to "truthfully provide[] to the Government all information and evidence the

-4-

defendant has concerning" her offenses, to be eligible for a "safety valve" sentence. The district court found Gonzalez-Lemus had not truthfully provided to the government complete information regarding her offense. The district court based its determination on aspects of the proffer interview, namely: (1) Gonzalez-Lemus's failure to provide specific identifying information regarding the individual who introduced her and Ruiz to Reyes; (2) Gonzalez-Lemus's inconsistent statements regarding her participation in the meeting with the informant; and (3) the circumstances surrounding the offense, which it deemed to be inconsistent with the sale to the informant having been a single, first-time transaction. "We review for clear error a district court's findings as to the completeness and truthfulness of a defendant's safety-valve proffer." United States v. Soto, 448 F.3d 993, 995 (8th Cir. 2006) (quoting United States v. Bolanos, 409 F.3d 1045, 1047 (8th Cir. 2005)).

The district court did not clearly err in finding Gonzalez-Lemus had not given completely truthful information regarding her offense. "In making its assessment of the truthfulness of a safety valve proffer, the district court is entitled to draw reasonable inferences from the evidence." United States v. Alvarado-Rivera, 412 F.3d 942, 948 (8th Cir. 2005) (citing United States v. Weekly, 118 F.3d 576, 581 (8th Cir. 1997)). The district court's inference that Gonzalez-Lemus was not providing complete information was supported by her failure to provide specific identifying information about the individual who introduced her and Ruiz to Reyes and the important role the individual played bringing those three together to establish the conspiracy. The district court's inference that Gonzalez-Lemus was not being truthful was supported by the inconsistent statements she had provided regarding her participation in the discussion with the informant. Finally, the district court's inference that the circumstances of this offense were inconsistent with it being a single, first-time sale, was supported by Ruiz's statements to the informant that he and Gonzalez-Lemus had been selling two to three pounds of methamphetamine per week. All of those inferences were supported by the record and were reasonable. We,

therefore, conclude the district court did not err in determining Gonzalez-Lemus did not qualify for a "safety-valve" sentence.

We affirm the judgment of conviction and sentence.

_____