# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 97-4072MN

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| William C. Pugh, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

————————

Submitted: May 12, 1998
Filed: July 31, 1998

————————

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and FAGG, Circuit Judges.

————————

PER CURIAM.

While operating a real estate closing business, William C. Pugh misappropriated funds and insurance premiums belonging to purchasers and owners of real estate, lenders, and a title insurer, that were entrusted to Pugh for disbursement to sellers and others to finalize their real estate transactions. Instead of performing his fiduciary responsibility, Pugh fraudulently misapplied substantial sums of money to finance his business interests and to enhance his personal lifestyle. Based on these actions, Pugh was convicted of mail and wire fraud, interstate and foreign transportation of money obtained by fraud, money laundering, and fraudulent concealment of material facts from a federal agency. Pugh appeals, raising arguments related to his convictions and the

district court's restitution order. We have carefully considered Pugh's arguments and, with one exception, find them to be without merit.

In attacking his convictions, Pugh initially argues that prosecution of the charges related to his handling of the title insurance premiums is barred by the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015 (1994). Because "the McCarran-Ferguson objection is not jurisdictional," United States v. Blumeyer, 114 F.3d 758, 768 (8th Cir.), cert. denied, 118 S. Ct. 350 (1997), Pugh waived this argument raised for the first time on appeal. Pugh's argument is meritless anyway because Pugh's criminal exploitation of an insurance company does not trigger the preemptive provisions of McCarran-Ferguson. See id. Pugh next argues he cannot be convicted of money laundering because the laundered transactions were "open and recorded." This argument is foreclosed by our recent holding in United States v. Norman, 143 F.3d 375, 377-78 (8th Cir. 1998). Pugh also contests the sufficiency of the evidence supporting his convictions. Aside from one mail fraud count for which the government concedes the evidence is inadequate, there is abundant evidence in the record to support the jury's verdict. Pugh challenges some evidentiary rulings and jury instructions, but the challenges are either unsupported by the record, without legal merit, or both. The district court did not abuse its discretion in making its evidentiary rulings and in instructing the jury. Finally, Pugh argues the indictment was multiplicitous. We decline to consider this argument raised for the first time on appeal. See United States v. Shepard, 4 F.3d 647, 650 (8th Cir. 1993), cert. denied, 510 U.S. 1203 (1994).

Although Pugh did not object to the restitution order in the district court, Pugh contends the order for restitution in the amount of $1,245,000 must be vacated because the district court failed to make ability-to-pay findings. We disagree. Guided by our decision in United States v. Riebold, 135 F.3d 1226, 1231-32 (8th Cir.), cert. denied, No. 97-9113, 1998 WL 273441 (U.S. June 22, 1998), we review for plain error and find none.

Accordingly, we vacate Pugh's mail fraud conviction on the charge asserted in Count 33 of the indictment and affirm Pugh's remaining convictions. We do not remand for resentencing because the vacated conviction does not alter Pugh's sentence. We affirm the district court's restitution order.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.