# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1377

_____

United States of America,

        Appellee,

v.

Craig Alan Pfeiferling,

        Appellant.

      Appeal from the United States
District Court for the Southern
District of Iowa.

      [Unpublished]

_____

Submitted: March 7, 2000

Filed: March 10, 2000

_____

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

A jury found Craig Alan Pfeiferling guilty of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to concurrent terms of 120 months imprisonment and three years supervised release, and imposed a $200 special assessment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Mr. Pfeiferling has filed a pro se supplemental brief. For the reasons that follow, we affirm.

_____

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

As to counsel's arguments, first, we find the evidence that Mr. Pfeiferling, who was driving a borrowed car and attempting to flee law enforcement officials at high speeds, handed two cases containing guns and ammunition to his passenger to throw out the window, was sufficient to establish his knowing possession of the guns. See United States v. Eldridge, 984 F.2d 943, 946 (8th Cir. 1993) (defendant had dominion and control over firearms found in trunk of borrowed car he was driving because he had control of keys to trunk, and there was sufficient evidence introduced at trial for reasonable jury to conclude that defendant knew firearms were in trunk). Second, we reject the notion that Mr. Pfeiferling had a "natural right" to possess firearms which the government could not abridge. See, e.g., Lewis v. United States, 445 U.S. 55, 65-66 & n.8 (1980); United States v. Hale, 978 F.2d 1016, 1019 (8th Cir. 1992), cert. denied, 507 U.S. 997 (1993). Third, the district court did not clearly err in denying Mr. Pfeiferling's suppression motion upon finding he abandoned the packages containing the firearms. See United States v. Segars, 31 F.3d 655, 658 (8th Cir. 1994) (standard of review; warrantless seizure of abandoned property does not violate Fourth Amendment because defendant forfeits expectation of privacy in abandoned property), cert. denied, 513 U.S. 1099 (1995).

Turning to Mr. Pfeiferling's pro se arguments, we first conclude that the district court did not clearly err in increasing his base offense level for obstruction of justice upon finding he knew he was testifying falsely at trial. See U. S. Sentencing Guidelines Manual § 3C1.1 (1998); United States v. Willis, 940 F.2d 1136, 1140 (8th Cir. 1991) (standard of review; district court must find defendant committed perjury and no reasonable trier of fact could find testimony true), cert. denied, 507 U.S. 971 (1993). Second, we do not address Mr. Pfeiferling's argument, raised for the first time on appeal, that he was incorrectly charged with two offenses. See United States v. Pugh, 151 F.3d 799, 800 (8th Cir. 1998) (per curiam). Because we find Mr. Pfeiferling's remaining arguments to be without merit, and because our own review of the record has

not uncovered any non-frivolous issues, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.