# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3783

———————

Jose Deltoro-Aguilera,

    Plaintiff - Appellant,

v.

United States of America,

    Defendant - Appellee.

Appeal from the United States
District Court for the
District of Nebraska.

———————

Submitted: November 19, 2009
Filed: November 2, 2010

———————

Before WOLLMAN, JOHN R. GIBSON, and SHEPHERD, Circuit Judges.

———————

JOHN R. GIBSON, Circuit Judge.

Jose Deltoro-Aguilera appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Deltoro claims his trial counsel was ineffective for failing to advise him that he was eligible for safety valve relief under § 5C1.2 of the United States Sentencing Guidelines. The district court[1] denied his motion, finding that Deltoro's allegation of ineffective assistance was unsupported by the record and concluding that the claim failed as a matter of law. We affirm.

———————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Following a jury trial in September 1996, Deltoro was convicted of one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. He was sentenced in December 1996 to life imprisonment. He appealed the judgment, and this court affirmed the conviction, but reversed and remanded his sentence because there was insufficient evidence to support the three-level enhancement the district court had imposed for Deltoro's role in the offense. United States v. Jose Del Toro-Aguilera, 138 F.3d 340 (8th Cir. 1998). The district court resentenced him on August 19, 1998, to 324 months' imprisonment and five years of supervised release. Deltoro appealed his new sentence, and this court summarily affirmed on December 3, 1998.

Deltoro filed the instant motion pursuant to 28 U.S.C. § 2255 on December 9, 1999, raising three claims of ineffective assistance of counsel. The motion was referred to a magistrate judge, who ultimately filed a report and recommendation to deny the motion. No evidentiary hearing took place. District Judge Thomas M. Shanahan entered a memorandum and order on February 22, 2000, in which he addressed Deltoro's claims and adopted the magistrate judge's report and recommendation. However, a judgment was not simultaneously filed, and Deltoro moved in April 2008 that judgment be entered to allow him to perfect an appeal. District Judge Kopf, to whom the case was assigned following Judge Shanahan's retirement, granted Deltoro's motion and entered judgment on September 15, 2008. On December 1, 2008, the district court granted Deltoro a certificate of appealability limited to "the claim that [he] was denied effective assistance of counsel because his attorney failed to advise him of the possibility of safety valve eligibility under the United States Sentencing Guidelines." In his brief, Deltoro asks this court to vacate his sentence and to remand his case with instruction to the district court to hold an evidentiary hearing on his claim of ineffective assistance of counsel. Deltoro's counsel confirmed the requested relief at oral argument, stating that Deltoro does not ask this court to make a finding that his earlier counsel was ineffective. He acknowledges such matter is for the district court to consider in the first instance.

-2-

Our review of a district court's ruling in a § 2255 proceeding is de novo both on matters of law and on mixed questions of law and fact. United States v. Duke, 50 F.3d 571, 576 (8th Cir. 1995). When a district court denies a § 2255 motion without an evidentiary hearing, as in this case, we affirm only if our de novo review reveals that "the motion and the files and records of the case conclusively show that [the movant] is entitled to no relief." Id. (quoting 28 U.S.C. § 2255(b)). Although we review a district court's decision to deny an evidentiary hearing for abuse of discretion, we are obligated "to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo." Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010).

Deltoro asserts that his trial counsel was ineffective for failing to inform him of the safety valve, which is a Sentencing Guidelines provision that allows a court to impose a guidelines sentence without regard to a statutory minimum. The safety valve provision applies to first-time non-violent drug offenders who meet certain requirements.[2] U.S.S.G. § 5C1.2. Deltoro acknowledges that he was not eligible for safety valve relief when he was originally sentenced because the aggravating role increase he received precluded his eligibility. However, Deltoro argues that he met four of these requirements after his new sentence was imposed with no enhancement for his role in the offense, and the government does not dispute his assertion.[3]

---

[2]The safety valve requires that: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or a credible threat thereof or possess a dangerous weapon in the commission of the crime; (3) the offense did not result in anyone's death or serious injury; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense. U.S.S.G. § 5C1.2.

[3]The safety valve is not discretionary. Under the Sentencing Guidelines, so long as a defendant convicted of certain controlled substance offenses satisfies the five criterion listed in note 2, supra, the district court "shall impose a sentence in

Throughout his trial and both sentencings, Deltoro consistently denied that he knew of or participated in the methamphetamine conspiracy. He provided the government no information about the charged offenses. Deltoro does not deny having taken that position, but now he asserts that he would have given a truthful and complete statement to the government had he known of the safety valve. That is the extent of his assertion: he offers no details or explanation as to what his testimony would have been. At his second sentencing, Deltoro's counsel told the district court that she had sent Deltoro a copy of his updated presentence report and had discussed it with him. She filed no objections and had none to articulate on the day of sentencing. Deltoro does not dispute these facts, but argues that he missed the opportunity to testify truthfully because his counsel never made him aware of the potential reduction. He asserts that he thus received ineffective assistance of counsel in violation of his Sixth Amendment rights.

If Deltoro is to prevail, he must show that his attorney's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency means that counsel's performance fell below an objective standard of reasonableness, and prejudice means that, but for counsel's errors, a reasonable probability exists that the result of the sentencing would have been different. Id. at 688, 694.

The magistrate judge's report and recommendation concluded that Deltoro did not receive ineffective assistance. After noting that Deltoro was ineligible for safety

_____

accordance with the applicable guidelines without regard to any statutory minimum sentence." U.S.S.G. § 5C1.2; see United States v. Hendricks, 171 F.3d 1184, 1186-87 (8th Cir. 1999) (noting the safety valve provision is not discretionary, citing 18 U.S.C. § 3553(f)). In addition, the safety valve is available so long as the government receives the information no later than the time of the sentencing hearing, even if a defendant's last-minute move to cooperate is a complete about-face. See United States v. Tournier, 171 F.3d 645, 646-47 (8th Cir. 1999).

valve relief because he had not provided information to the government before sentencing, the magistrate judge quoted the district court's description of Deltoro as a "vital cog" in the "methamphetamine machinery," and pointed out that he had been sentenced mid-range. The magistrate judge then concluded that an ineffective assistance of counsel claim must be dismissed when based on a failure to inform of the safety valve provision for which the defendant is not eligible, because the defendant cannot show prejudice. The district court adopted the magistrate judge's report and recommendation in its entirety and added:

> The record indicates that the defendant was not eligible for safety valve relief. He consistently denied participation in, and knowledge of, the methamphetamine conspiracy, and he provided no information or evidence to the government concerning the offenses charged in the indictment. Therefore, any absence of advice regarding the safety valve did not constitute ineffective assistance by defense counsel.

This treatment of Deltoro's claim begs the question as to whether counsel should have informed Deltoro of safety valve relief when he had consistently maintained his innocence through trial and his first sentencing. Because our review is de novo, it is of no moment that we analyze Deltoro's claim without the benefit of full consideration by the court below.

In that context, we examine Deltoro's claim. Because the district court denied Deltoro's motion without a hearing, we will affirm only if (1) Deltoro's allegations, accepted as true, would not entitle him to relief, or (2) we cannot accept his allegations as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)).

Deltoro complains that the district court decided his claim on the pleadings and the trial court record alone, and that without an evidentiary hearing he has been precluded from "present[ing] evidence related to how he has suffered prejudice by trial counsel's failure to advise him of the safety valve upon sentencing remand." However, at oral argument counsel asserted that prejudice could be determined simply by comparing the mid-range sentence Deltoro received to what would have been a mid-range sentence had there been no statutory mandatory minimum – a difference of forty-eight months. No evidence beyond what is already in the record is required to make that calculation. Deltoro also asserts that he "fully intends to admit his participation in the drug offenses for which he was convicted." We must consider whether such testimony, if true, would entitle him to relief, or whether we reject Deltoro's allegations because they are conclusions rather than statements of fact.

We conclude that we cannot accept Deltoro's allegations as true because he did no more than state the conclusion that he would have provided the government with truthful information. He has presented no facts detailing his involvement in the methamphetamine conspiracy. Because the petition, briefs, and record conclusively show that Deltoro is not entitled to relief under § 2255, the district court did not abuse its discretion in denying his petition without an evidentiary hearing.

Affirmed.

WOLLMAN, Circuit Judge, concurs in the result.

_____