# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3317

———————

Jermane K. Jackson,                    *

                                   *

           Appellant,          *

                                   *   Appeal from the United States

      v.                       *   District Court for the Southern

                                   *   District of Iowa.

United States of America,     *

                                   *   [UNPUBLISHED]

          Appellee.           *

———————

Submitted: October 2, 2011
Filed: October 27, 2011

———————

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Jermane Jackson appeals following the district court's denial of his 28 U.S.C. § 2255 motion. We reverse the district court order denying Jackson's motion and remand for further proceedings.

Jackson pleaded guilty to possessing with intent to distribute at least fifty grams of a mixture containing cocaine base. The district court concluded that Jackson was subject to a statutory minimum sentence of ten years in prison and imposed that sentence. Jackson then filed this proceeding pursuant to section 2255, claiming that counsel was ineffective for failing to advise him concerning the "safety-valve" provision of 18 U.S.C. § 3553(f), which allows a court to sentence non-violent drug

offenders to a Guidelines sentence without regard to the statutory minimum sentence if certain requirements are met.  See 18 U.S.C. § 3553(f); see also United States v. Alvarado–Rivera, 412 F.3d 942, 944-45 (8th Cir. 2005) (en banc) (requirements for safety-valve relief).  Jackson claimed that counsel advised him he would have to provide information that the government deemed to constitute substantial assistance to receive a sentence below the statutory minimum.  According to Jackson, he did not believe he had information that the government would find helpful in other prosecutions, and therefore he chose not to participate in debriefing with the government.

The district court denied Jackson's motion without holding an evidentiary hearing or requiring a response from the government, concluding the record of Jackson's sentencing demonstrated he was aware of the consequences of not participating in debriefing.  Specifically, at the sentencing hearing, the district court discussed Jackson's decision not to participate in debriefing, and just prior to imposing the sentence, the court recited the requirements for safety-valve relief, noting that relief is available even if the defendant has no relevant or useful information.  See 18 U.S.C. § 3553(f)(5).  The district court denied Jackson's section 2255 motion based on this record, reasoning that if Jackson was interested in pursuing safety-valve relief, he would have asked at the sentencing hearing for another opportunity to participate in debriefing.

When a district court denies a section 2255 motion without an evidentiary hearing, we affirm only if upon de novo review we find that the motion and files and records of the case conclusively show that the movant is entitled to no relief.  See Deltoro-Aguilera v. United States, 625 F.3d 434, 436 (8th Cir. 2010) (court of appeals reviews decision to deny hearing for abuse of discretion, but looks behind that decision to review de novo rejection of claim on merits).  While the district court informed Jackson at the sentencing hearing that safety-valve relief is available even if a defendant does not possess helpful information, the court did not inquire whether

Jackson wished to pursue debriefing in light of that clarification. Thus, while the record of the sentencing proceeding may well be relevant to an assessment of the credibility of Jackson's allegations, we cannot say that the record conclusively shows Jackson is entitled to no relief. See Watson v. United States, 493 F.3d 960, 964 (8th Cir. 2007) (where record does not affirmatively refute factual assertions on which movant's claim is based, district court is required to hold hearing before making determination as to movant's credibility). Accordingly, we reverse the district court order denying Jackson's section 2255 motion, and remand for further proceedings consistent with this opinion.

_____