# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2338

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Miguel Angel Garcia, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2012
Filed: April 4, 2012

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Miguel Angel Garcia pled guilty to one count of conspiring to commit drug trafficking offenses. The district court[1] sentenced Garcia to 188 months imprisonment. On appeal, Garcia contends that the district court erred in finding that he failed to qualify for safety valve relief under the Sentencing Guidelines. Garcia also argues that his sentence is substantively unreasonable. We affirm.

_____

[1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

I.

On May 19, 2010, a one-count superseding indictment was filed charging Garcia and others with participating in a drug conspiracy to distribute and possess with intent to distribute various illegal drugs in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. Garcia subsequently pled guilty.

At his sentencing hearing, Garcia contended that he should be eligible for safety valve relief under the United States Sentencing Commission, Guidelines Manual, §5C1.2. In support, Garcia pointed to two separate occasions where he offered information to the government. The first episode occurred shortly before Garcia was indicted. At that time, Garcia met with a Drug Enforcement Agency special agent in Washington and offered to provide information about a drug trafficking organization in exchange for immunity from prosecution. The DEA agent was unwilling to work with Garcia based on these terms and Garcia provided no further information. The second event occurred after Garcia's arrest. After being provided Miranda[2] warnings, Garcia stated that he was involved in the drug trafficking organization solely as a money handler and that he had no involvement with handling drugs.

In response to Garcia's claim that he should be eligible for safety valve relief, the government presented evidence to show that, contrary to Garcia's testimony that he only handled money for the drug conspiracy, Garcia was a drug supplier. The district court called a recess in the sentencing hearing in order to allow Garcia one final opportunity to proffer. When the parties returned, the Assistant United States Attorney informed the court that the government had attempted to allow Garcia to proffer, but Garcia had failed to do so successfully. The AUSA then laid out the

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

reasons why he believed Garcia was not being completely truthful during the proffer and why safety valve relief should not be available:

> While the defendant did provide some additional information, the difficulty became when we started playing telephone calls that the defendant had been previously identified by other co-conspirators as being the source, the voice behind the telephone call.
>
> We listened to one telephone call. The defendant acknowledged that that was his voice that was intercepted. I played a second telephone call. The defendant indicated he wasn't sure whether or not it was his voice. Then changed and said that it was his voice and then again backed off and said he wasn't sure, it might be his voice. That sort of back and forth exchange occurred with two, then, subsequent telephone calls where the defendant would not admit that that, in fact, was him.
>
> I would also tell the Court that the question and answer session with the defendant included a lot of the government trying to pry details out of the defendant that the defendant did not forthrightly provide, but the defendant often answered questions with other questions or made answers like "I suppose so" or "maybe" and that he did not give a full and complete and accurate accounting of the criminal conduct here.

(Sentencing Tr. at 53-54.) Garcia disputed that the court-ordered proffer session was unsatisfactory and maintained that his post-arrest statement satisfied the safety valve proffer requirement. Finding that Garcia's proffer was unsatisfactory, the district court denied safety valve relief. After hearing from both parties and considering all of the 18 U.S.C. § 3553(a) factors, the district court imposed a sentence of 188 months, which was at the bottom of Garcia's advisory Guidelines range.

II.

Garcia first argues that the district court violated his right to due process by failing to make an independent determination of whether he qualified for safety valve

-3-

relief under section 5C1.2 of the Sentencing Guidelines. "We review the district court's application of § 5C1.2 de novo and its factual findings for clear error." United States v. Jackson, 552 F.3d 908, 909 (8th Cir. 2009) (per curiam).

The safety valve provision under section 5C1.2 "applies to first-time non-violent drug offenders who meet certain requirements." Deltoro-Aguilera v. United States, 625 F.3d 434, 437 (8th Cir. 2010).[3] The only requirement at issue is whether, "not later than the time of the sentencing hearing, [Garcia] . . . truthfully provided to the Government all information and evidence [Garcia] ha[d] concerning the offense." USSG §5C1.2(a)(5).

"Defendants have the burden to show affirmatively that they have satisfied each requirement for the safety valve, including whether truthful information and evidence have been given to the government." United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc); see United States v. Razo-Guerra, 534 F.3d 970, 974 (8th Cir. 2008) ("[Defendant] bore the burden at the sentencing hearing of establishing each of the five requirements for safety valve relief . . . . [T]he Government had no burden to put on any evidence concerning [defendant's] eligibility for safety valve relief."). Eligibility must be demonstrated by a

---

[3] As we have previously explained:

> The safety valve requires that: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or a credible threat thereof or possess a dangerous weapon in the commission of the crime; (3) the offense did not result in anyone's death or serious injury; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense.

Deltoro-Aguilera v. United States, 625 F.3d 434, 437 n.2 (8th Cir. 2010).

preponderance of the evidence. United States v. Sanchez, 475 F.3d 978, 980 (8th Cir. 2007).

In his appeal, Garcia argues that this court should alter its jurisprudence to respond to the due process concerns raised by Judge Bright in his dissent to the en banc decision in United States v. Alvarado-Rivera, 412 F.3d 942 (8th Cir. 2005) (en banc).[4] In Alvarado-Rivera, Judge Bright opined that allowing the district court to rely on the government's assessment of the defendant's proffer "allow[ed] greatly flawed credibility judgments that violate due process requirements." Id. at 949 (Bright, J., dissenting). In this vein, Garcia contends that a "credibility determination must be made on first hand evidence, either testimony or transcripts of hearings, not merely on the prosecutor's word."

After reviewing the sentencing transcript, we do not agree with Garcia that the district court clearly erred in its assessment that Garcia failed to adequately proffer. The government put forward evidence at the beginning of the sentencing hearing to show that Garcia's role in the drug conspiracy was greater than Garcia had ever admitted. After Garcia was given the chance to proffer, the government represented to the court that Garcia did not give a complete and accurate accounting of his role

---

[4] It does not appear that Garcia is attempting to distinguish the facts of this case from United States v. Alvarado-Rivera, 412 F.3d 942 (8th Cir. 2005) (en banc), nor could he successfully do so. The majority decision of the en banc court in Alvarado-Rivera concluded that the district court did not clearly err in finding that the defendants in that case were not completely truthful in their proffers to the government. 412 F.3d at 948-49. In so finding, the majority noted the copious amount of evidence available to the court that allowed the court to evaluate the truthfulness of the proffers. Id. Likewise, in the present case, the district court heard testimony and sentenced Garcia's co-defendants in the drug conspiracy. Therefore, the district court was uniquely qualified to determine whether Garcia had been truthful concerning his role in the conspiracy.

in the crime and gave examples of how Garcia was noncompliant. Defense counsel did not put forward any evidence to counter this assessment by the government, other than to argue that "I think there's still an argument to be made upon his Mirandized statement and what happened." Furthermore, defense counsel at several points seemed to concede that Garcia did not fully proffer. See Sentencing Tr. at 49 ("He did take some responsibility and some additional responsibility. He could not go as far as the government wanted."). As a result, Garcia failed to meet his burden that he provided complete and truthful information. Although Garcia asks that we alter our jurisprudence based on the dissent in Alvarado-Rivera, our panel is not at liberty to do so. See Drake v. Scott, 812 F.2d 395, 400 (8th Cir. 1987) (noting that only the en banc court may take action to disregard a previous panel's holding). We therefore find no error in the district court's conclusion that Garcia did not qualify for safety valve relief.

III.

Garcia next challenges the substantive reasonableness of his sentence. The substantive reasonableness of a district court's sentence is reviewed under an abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted).

Garcia contends the district court's sentence was harsher as a result of the government's pronouncement that Garcia had not adequately proffered. Yet the district court sentenced Garcia to 188 months imprisonment, which was a bottom-of-the-range sentence under the Sentencing Guidelines. A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal, see United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008), and Garcia fails to make any convincing showing that the district court abused its discretion.

## IV.

Accordingly, we affirm.

_____