# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2680

_____

United States of America,       *
       *
       Appellee,       *
       *   Appeal from the United States
       v.       *   District Court for the
       *   District of Nebraska.
Rondell Moore,       *
       *   [UNPUBLISHED]
       Appellant.       *

_____

Submitted: May 14, 2012
Filed: June 26, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Rondell Moore pled guilty to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841. The offense called for a mandatory minimum of 10 years imprisonment, but Moore qualified for the "safety valve" exception to the statutory minimum. The district court[1] calculated Moore's Sentencing Guidelines range at 135 to 168 months imprisonment and imposed a

_____

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

sentence of 120 months imprisonment. Moore appeals, arguing that his sentence is substantively unreasonable. We affirm.

## I.

On April 15, 2010, Omaha police officers responded to a 911 call reporting a shooting. The report stated that the shooting involved a tan-colored van, and the officers spotted a vehicle matching this description parked with its lights off and its engine running near the scene of the shooting. The officers approached the van on foot and asked Rondell Moore, who was seated in the driver's seat, to exit the vehicle. As Moore complied with the officers' request, an ounce of crack cocaine dropped to the ground at Moore's feet. Moore was immediately taken into custody and found to be in possession of 83.3 grams of crack cocaine.

Moore was subsequently charged with one count of possession with intent to distribute 50 grams or more of cocaine base under 21 U.S.C. § 841(a)(1). Moore's motion to suppress both the statements he made to the police and the evidence recovered during his arrest was denied, and he eventually pled guilty without a plea agreement. The Probation Office prepared a presentence investigation report (PSR) that held Moore responsible for 24 kilograms of crack cocaine based on Moore's post-arrest statements to law enforcement officers. Under United States Sentencing Commission, Guidelines Manual, §2D1.1(a)(5) and (c)(1), an offense involving possession with intent to distribute 8.4 kilograms of cocaine base or more carries a base offense level of 38. The PSR also took into account Moore's acceptance of responsibility under Guidelines section 3E1.1 and recommended that Moore's offense level be adjusted to 35.

Under 21 U.S.C. § 841(b)(1)(A), the amount of crack cocaine involved in Moore's offense usually triggers a mandatory minimum sentence of ten years imprisonment. However, at sentencing, the district court recognized that Moore

qualified for "safety valve" relief pursuant to 18 U.S.C. § 3553(f).[2] Moore's qualification for safety valve relief had the two-part effect of removing the statutory minimum of ten years, see 18 U.S.C. § 3553(f), and earning Moore an additional two-level reduction to his Guidelines offense level under Guidelines sections 5C1.2(a) and 2D1.1(b)(16). The district court therefore lowered Moore's adjusted offense level to 33. Based on the offense level and Moore's placement in Criminal History Category I, Moore's advisory Guidelines range was 135 to 168 months imprisonment. The Government asked the district court to sentence Moore within the Guidelines range. Moore requested a downward variance to a sentence within the range of five to seven years. Ultimately, the court found that a sentence of ten years was appropriate under the circumstances, noting that it wished to impose "what would otherwise be the statutory minimum" had Moore not qualified for safety valve relief. This timely appeal followed.

## II.

On appeal, Moore argues that his sentence of 120 months imprisonment is greater than necessary to fulfill the sentencing goals of 18 U.S.C. § 3553(a) and is therefore substantively unreasonable. "The substantive reasonableness of a district court's sentence is reviewed under an abuse of discretion standard." United States v. Garcia, 675 F.3d 1091, 1095 (8th Cir. 2012). "The district court abuses its discretion if it fails to consider a relevant factor that should have received significant

---

[2] The safety valve provision states that "the court shall impose a sentence pursuant to the guidelines . . . without regard to any statutory minimum sentence, if the court finds at sentencing" that: (1) the defendant has no more than one criminal history point; (2) the offense did not involve violence or a dangerous weapon; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer or supervisor and was not engaged in a continuing criminal enterprise; and (5) the defendant provided truthful information and evidence regarding the offense. 18 U.S.C. § 3553(f).

weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Boss, 493 F.3d 986, 987 (8th Cir. 2007).

Moore argues primarily that the district court committed clear errors of judgment in weighing the different section 3553(a) sentencing factors. In particular, Moore asserts that: (1) his particular drug offense was "among the least serious" of those that originally concerned Congress because it did not involve weapons or violence; (2) he lacks any significant criminal history as this is his first felony conviction; (3) he is a family man with a wife and three young children who has demonstrated a willingness to lead a law-abiding life; (4) studies conducted by the Sentencing Commission confirm that individuals in criminal history category I, such as Moore, have the lowest rate of recidivism; (5) a more incremental sentence would best serve the sentencing goals; and (6) his sentence for selling crack cocaine represents an unwarranted disparity from what his sentence would have been for selling powder cocaine. Moore contends that the court clearly erred by not according greater weight to these mitigating factors. Moore argues that the existence of these factors renders a sentence of 120 months unreasonable and that his requested sentence of five to seven years would be more appropriate.

We have held that "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). "The district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal." United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010), cert. denied, 131 S. Ct. 1550 (2011). Here, based on our review of the record, we find that the district court relied primarily on the nature of Moore's offense and the need for Moore's sentence to reflect the seriousness of his offense pursuant to section 3553(a)(1) and (2). Moreover, the district court actually varied below Moore's advisory Guidelines range by sentencing

him to 120 months imprisonment, and "[w]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion." United States v. Diaz-Pellegaud, 666 F.3d 492, 504 (8th Cir. 2012) (citations and quotation marks omitted). Indeed, the district court stated in its written statement of reasons for the sentence that it was varying downward "[d]ue to [Moore's] limited criminal history, his family commitments, and his albeit limited assistance to the government." This indicates that the court considered several of the mitigating factors cited by Moore. Accordingly, we find no clear error in the court's weighing of the section 3553(a) factors and no abuse of discretion in its decision to sentence Moore to 120 months imprisonment.

## III.

We affirm the sentence imposed by the district court.

_____