# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3588

_____

United States of America

*Plaintiff - Appellee*

v.

Jeriel Malachi Brooks

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 11, 2013
Filed: July 18, 2013

_____

Before LOKEN and GRUENDER, Circuit Judges, and WIMES*, District Judge.

_____

LOKEN, Circuit Judge.

Jeriel Brooks pleaded guilty to conspiring to manufacture fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district

_____

*The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri, sitting by designation.

court[1] sentenced Brooks to 60 months in prison, the mandatory minimum sentence. See § 841(b)(1)(B)(viii). Brooks appeals the sentence, arguing the court erred in finding him ineligible for "safety-valve" relief under 18 U.S.C. § 3553(f), which permits a court to impose a sentence below the mandatory minimum. This issue turns on whether the court erred in assessing criminal history points for two prior state convictions, a fact-intensive issue we review for clear error. United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011). Finding no clear error, we affirm.

## I.

Brooks, then a nineteen-year-old methamphetamine addict, burglarized a Whitewater, Missouri, home in June 2010. Two months later, he broke into a nearby high school, stole $500 worth of CDs and DVDs, and started a fire. After Brooks was arrested on January 25, 2011, a warrant search of his home uncovered numerous objects associated with the manufacture of methamphetamine. He admitted assisting others in manufacturing methamphetamine, including purchasing pseudoephedrine, a precursor chemical, for use in the manufacturing.

State prosecutors charged Brooks, separately, with burglary of the residence and burglary and arson of the school. He pleaded guilty and was sentenced in March 2011 to concurrent sentences totaling ten years in prison, with execution suspended after he served 120 days. More than one year later, after Brooks served his state sentence, moved to North Carolina, and "turned his life around," he and seven others were charged in federal court with conspiring to manufacture methamphetamine "[b]eginning at a time unknown . . . but including on or about January 5, 2011, up to and including November 3, 2011." It is undisputed that Brooks withdrew from the conspiracy following his arrest in late January. He pleaded guilty to being a minimal

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

participant in an extensive conspiracy to manufacture more than 50 grams of methamphetamine, which subjected him to a mandatory minimum five-year sentence.

Based on the 2011 state court convictions, the Presentence Investigation Report recommended assessing Brooks 4 criminal history points. See U.S.S.G. § 4A1.1(b). This would deny him relief under the statutory safety valve, because a defendant is eligible only if he "does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1); see U.S.S.G. § 5C1.2(a)(1). Brooks objected to those points, arguing he should be eligible for safety valve relief because, "while the burglaries did happen before the date of the indictment, it's all one series of conduct [because it] all had to do with methamphetamine use and abuse." At sentencing, the district court overruled this objection, explaining:

> [U]nder the law there's just no way that he qualifies for the safety valve provision, because the prior offenses all took place or were completely separate offenses from the methamphetamine charge that he's faced with now, and they all took place at completely different times and before actually the criminal conduct that is the subject of this particular indictment and guilty plea.
>
> *     *     *     *     *
>
> [The prior convictions were] related in the global sense [in] that . . . the motive behind . . . it all was methamphetamine addiction . . . . But under the law they're not related. And you don't point to any authority that would suggest otherwise.

The district court then determined an advisory guidelines range of 70 to 87 months in prison, granting Brooks downward adjustments for acceptance of responsibility and his minimal role in the conspiracy. The court granted a downward variance urged by counsel for Brooks and the government and sentenced Brooks to the mandatory minimum of 60 months in prison. The court commented:

-3-

> If I could have gotten around [the mandatory minimum sentence], I would have done that too, but there's no basis in the law to do that. So I'm just left at what I consider a sentence that's not altogether fair in view of the way that you've turned your life around.

Brooks appeals, contending he should be eligible for safety valve relief.

## II.

In the safety valve statute and parallel advisory guidelines provision, "Congress provided relief for less culpable drug offenders from its harsh mandatory minimum sentences." United States v. Tournier, 171 F.3d 645, 646 (8th Cir. 1999). To be eligible for this statutory relief, Brooks "bore the burden at the sentencing hearing of establishing each of the five requirements for safety valve relief by a preponderance of the evidence." United States v. Razo-Guerra, 534 F.3d 970, 974 (8th Cir. 2008), cert. denied, 555 U.S. 1193 (2009). The first requirement is that he "does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1). This means "more than one criminal history point as determined under § 4A1.1." U.S.S.G. § 5C1.2, comment. (n.1).

"When calculating criminal history points, a sentencing court is to consider 'any sentence previously imposed . . . for conduct not part of the instant offense,' defined as conduct other than 'relevant conduct' under U.S.S.G. § 1B1.3." United States v. Pinkin, 675 F.3d 1088, 1090 (8th Cir. 2012), quoting U.S.S.G. § 4A1.2(a)(1) & comment. (n.1). Here, Brooks's state burglary sentences were "previously imposed" -- that is, "imposed prior to sentencing on the instant offense," conspiracy to manufacture methamphetamine. U.S.S.G. § 4A1.2, comment. (n.1). Because the prior offenses were non-groupable burglary offenses, they are "relevant conduct" only if their underlying conduct included "acts and omissions . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the

course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1); cf. United States v. Ewing, 632 F.3d 412, 416-17 (8th Cir. 2011), cert. denied, 132 S. Ct. 2698 (2012); see generally United States v. Horton, 693 F.3d 463, 477-79 & n.16 (4th Cir. 2012).

Brooks failed to meet his burden of establishing at sentencing that the residential and school burglaries he committed in the summer of 2010 occurred "during the commission of [or] in preparation for" his later drug conspiracy offense. Thus, the district court did not clearly err in finding that these prior offenses were not "relevant conduct." Rather, they were "severable and distinct" from the offense of conviction. United States v. Ault, 598 F.3d 1039, 1041 (8th Cir. 2010); see Boroughf, 649 F.3d at 890-91; United States v. Davidson, 195 F.3d 402, 409 (8th Cir. 1999), cert. denied, 529 U.S. 1093 (2000). The state offenses were property crimes committed by Brooks acting alone, and there is no evidence they furthered the goals of the drug conspiracy, involved common victims, or were relevant to proving the drug conspiracy offense.

Brooks further argues, invoking the rule of lenity, that we should grant him safety valve relief because he had no criminal history points when he *committed* this federal offense. However, the statute expressly and unambiguously incorporates criminal history points "*as determined under the sentencing guidelines*," 18 U.S.C. § 3553(f)(1) (emphasis added), and the guidelines unambiguously provide that a "previously imposed" sentence is one "imposed prior to *sentencing* on the instant offense," U.S.S.G. § 4A1.2, comment. (n.1) (emphasis added). The rule of lenity does not apply unless there is "grievous ambiguity or uncertainty in the language" of the applicable statute. United States v. Speakman, 330 F.3d 1080, 1083 (8th Cir. 2003) (quotations omitted). The district court properly denied safety valve relief.

Finally, Brooks contends that the mandatory minimum sentence violated his right to due process because "it constrained the trial judge from imposing a sentence

that was fair and just and sufficient but not greater than necessary." As counsel acknowledged at oral argument, we have directly rejected this contention in prior cases. See United States v. Turner, 583 F.3d 1062, 1068 (8th Cir. 2009), cert. denied, 559 U.S. 1024 (2010); United States v. Prior, 107 F.3d 654, 658 (8th Cir.), cert. denied, 522 U.S. 824 (1997). Our panel must follow those controlling decisions, but we of course do not fault counsel for preserving the issue.

The judgment of the district court is affirmed.

_____