# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3468

_____

United States of America

*Plaintiff - Appellee*

v.

Violeta Hinojosa, also known as Sophie

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 16, 2013
Filed: August 27, 2013

_____

Before SHEPHERD, BEAM, and MELLOY, Circuit Judges.

_____

BEAM, Circuit Judge.

Violeta Hinojosa appeals, following a guilty jury verdict on two counts–conspiracy to distribute methamphetamine and distribution of methamphetamine–arguing there was insufficient evidence to support the verdict. At

sentencing Hinojosa sought safety valve relief, which the district court[1] denied. She appeals this denial as well. We affirm Hinojosa's conviction and sentence.

## I. BACKGROUND

During the course of an extensive methamphetamine distribution investigation, officers identified Hinojosa as someone who delivered methamphetamine to a dealer under investigation. Elizabeth White, a drug user recently released from prison, began assisting drug enforcement agents in the investigation in March 2009. On April 17, 2009, White participated in a controlled buy and went to the home of Miguel Castaneda to purchase methamphetamine. Castaneda's home was under officer surveillance at the time. During this time period, a woman, identified at trial by several witnesses as Hinojosa, drove up to Castaneda's house and entered and exited the residence within a few minutes' time. The government alleged that Hinojosa delivered methamphetamine at that time. Officers arrested Hinojosa and charged her with conspiracy to distribute methamphetamine, and distribution of methamphetamine. The jury convicted Hinojosa on both counts.

Prior to sentencing, Hinojosa provided an interview to law enforcement officers. Based upon this interview, during which Hinojosa denied all involvement in the matter, Hinojosa sought safety valve relief at sentencing, which the court denied. The district court stated:

> I don't want to say that as a matter of law if someone is convicted and does not acknowledge their guilt in the safety valve interview that that precludes that person from obtaining the safety valve, but it certainly makes it very difficult for that person to obtain [the] relief of the safety valve because one of the primary purposes of the safety valve is to show

---

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

that that person is contrite and at least has an attempt to cooperate or be honest about what they were involved with.

But given the testimony and the evidence that's been presented, I don't think that the . . . defendant has sustained her burden of proof to show that she's entitled to the safety valve. And the main reason has to do with the proffer.

The district court sentenced Hinojosa to 60 months' imprisonment. On appeal Hinojosa challenges the sufficiency of the evidence supporting the verdict and the district court's denial of safety valve relief.

## II.    DISCUSSION

### A.    Sufficiency of the Evidence

This court reviews the sufficiency of the evidence supporting a conviction de novo. United States v. Phythian, 529 F.3d 807, 811 (8th Cir. 2008). "'[W]e reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" Id. (alteration in original) (quoting United States v. Pruneda, 518 F.3d 597, 605 (8th Cir. 2008)). On appeal, the evidence is viewed in the light most favorable to the government, resolving evidentiary conflicts in favor of the government and accepting all reasonable inferences drawn from the evidence that support the jury's verdict. United States v. Flores, 474 F.3d 1100, 1105 (8th Cir. 2007).

Very generally, Hinojosa argues on appeal that this case is based upon misidentification. She claims that her sister and her mother are involved in drug trafficking but that she is not and never has been. She claims that those who testified against her, identifying her as one who delivered methamphetamine to Castaneda on multiple occasions over time, all testified in an attempt to reduce their own sentences or similar such benefits and are thus unreliable. She further claims that the officers

who identified her in photographs taken during a delivery at the home of Castaneda were mistaken and that they did not have a clear view of her, which Hinojosa claims raises significant doubt that it was in fact Hinojosa and not her sister that they saw.

Hinojosa is unable to overcome her burden on appeal. Three cooperating witnesses testified they saw Hinojosa delivering methamphetamine over an extended period of time, in concert with one or more of her family members. Castaneda testified that Hinojosa and her family members were his primary methamphetamine suppliers for nearly five years. The circumstances of the controlled delivery on April 17, 2009, as explained through the testimony of the Drug Enforcement Administration agents involved, further corroborated the trial testimony of the cooperating witnesses. And, while there were, as always, credibility determinations to be made regarding the testifying witnesses, their testimony was corroborated and, ultimately, believed by the jury. United States v. Jefferson, No. 12-2643, 2013 WL 3970193, at *2 (8th Cir. Aug. 5, 2013) ("'We have repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony.'" (quoting United States v. Coleman, 525 F.3d 665, 666 (8th Cir. 2008)). On these facts, we have no difficulty concluding the evidence was sufficient for a reasonable jury to find Hinojosa guilty.

### B.    Safety Valve Relief

This court reviews for clear error a district court's findings regarding the completeness and truthfulness of information provided by a defendant and the ultimate denial of safety valve relief for clear error. United States v. Polk, 715 F.3d 238, 253 (8th Cir. 2013). The sentencing court here did not clearly err.

"In the safety valve statute and parallel advisory guidelines provision, 'Congress provided relief for less culpable drug offenders from its harsh mandatory

minimum sentences.'" United States v. Brooks, No. 12-3588, 2013 WL 3746026, at *2 (8th Cir. July 18, 2013) (quoting United States v. Tournier, 171 F.3d 645, 646 (8th Cir. 1999)). "To be eligible for this statutory relief, [Hinojosa] 'bore the burden at the sentencing hearing of establishing each of the five requirements for safety valve relief by a preponderance of the evidence.'"[2] Id. (quoting United States v. Razo-Guerra, 534 F.3d 970, 974 (8th Cir. 2008)). The significant issue in this case is whether Hinojosa satisfied the fifth element, requiring that not later than the time of the sentencing hearing, she truthfully provided to the government all information and evidence she had concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. 18 U.S.C. § 3553(f)(5).

Hinojosa simplifies the district court's stance on this final element, claiming that the district court determined that Hinojosa could not get safety valve relief solely because the jury found her guilty. A fair reading of the transcript, however, reveals that the district court fully understood the legal rubric in the safety valve context. As the court noted, it is true that a guilty jury verdict does not legally foreclose *any* possibility that a defendant could receive safety valve relief. United States v. Sherpa, 110 F.3d 656, 660 (9th Cir. 1997). According to the transcript, however, the district

---

[2]We have explained that

> [t]he safety valve requires that: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or a credible threat thereof or possess a dangerous weapon in the commission of the crime; (3) the offense did not result in anyone's death or serious injury; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense.

United States v. Garcia, 675 F.3d 1091, 1094 n.3 (8th Cir. 2012) (quotation omitted).

court was well-apprised of this jurisprudence. The district court reasoned that a defendant who denies guilt in the face of a guilty verdict is not thereby precluded from safety valve eligibility "as a matter of law." On the merits, the court appropriately viewed the trial testimony, including that of the three cooperating witnesses and the government agents that testified, as well as the evidence and arguments presented at sentencing concerning Hinojosa's and her families' participation in drug trafficking, in light of Hinojosa's denial of involvement altogether, and arrived at its determination that she was not eligible for safety valve relief:

> But given the testimony and the evidence that's been presented, I don't think that the . . . defendant has sustained her burden of proof to show that she's entitled to the safety valve. And the main reason has to do with the proffer.

The district court did not clearly err in this conclusion.

## III.  CONCLUSION

For the reasons stated herein, we affirm.

_____