# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3602

_____

United States of America

*Plaintiff - Appellee*

v.

Rigoberto Martinez Miss

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: July 7, 2014
Filed: July 11, 2014
[Unpublished]

_____

Before LOKEN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Rigoberto Martinez Miss appeals after he pleaded guilty to a drug offense and the district court[1] sentenced him to 168 months in prison. On appeal, Martinez Miss's

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the court erred by denying Martinez Miss safety-valve relief and by imposing an unreasonable sentence. In a pro se supplemental brief, Martinez Miss argues that the court violated his constitutional rights by relying on testimony about statements he made through a translator, and counsel is failing to act as an advocate on appeal, and to provide effective assistance.

We conclude that counsel's thorough brief in support of reversal complies with counsel's duty under <u>Anders</u> to act as an advocate, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 82 (1988) (discussing purpose of <u>Anders</u> brief), and we defer any other ineffective-assistance claims to collateral proceedings, <u>see</u> <u>United States v. Hubbard</u>, 638 F.3d 866, 869 (8th Cir. 2011) (ineffective-assistance claims are generally best litigated in collateral proceedings).

As to the remaining issues, the district court did not clearly err in finding that Martinez Miss failed to disclose to the government all of the information he had about his offense, and thus did not meet the criteria for safety-valve relief. <u>See</u> 18 U.S.C. § 3553(f)(1)-(5) (court shall disregard statutory minimum if, inter alia, defendant has truthfully provided to government all information and evidence he has concerning instant offense); U.S.S.G. § 2D1.1(b)(16) (2-level Guidelines reduction is awarded if defendant meets safety-valve criteria); <u>United States v. Hinojosa</u>, 728 F.3d 787, 790 (8th Cir. 2013) (standard of review). The court's finding is supported by an officer's sentencing testimony, evidence of Martinez Miss's inconsistent statements, and the large quantity of drugs he transported. <u>See</u> <u>United States v. Guerra-Cabrera</u>, 477 F.3d 1021, 1025 (8th Cir. 2007) (court may hold defendant responsible for disclosing identities and participation of other individuals in offense if defendant could reasonably be expected to have such information); <u>United States v. Soto</u>, 448 F.3d 993, 995-96 (8th Cir. 2006) (defendant has burden to prove he qualifies for safety-valve reduction). As to Martinez Miss's within-Guidelines-range sentence, we will

apply a presumption of reasonableness. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Finally, we decline to consider the constitutional arguments raised for the first time on appeal, <u>see</u> <u>United States v. Pugh</u>, 151 F.3d 799, 800 (8th Cir. 1998) (per curiam), and having independently reviewed the record under <u>Penson</u>, 488 U.S. at 80, we have found no nonfrivolous issues for review. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Martinez Miss about procedures for seeking rehearing or filing a petition for certiorari.

_____