# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1466

_____

United States of America

*Plaintiff - Appellee*

v.

Carlos Alberto Valquier

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 16, 2019
Filed: August 15, 2019

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Carlos Valquier appeals his sentence, arguing the district court[1] committed clear error in finding that his proffer with the government was not

_____

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

complete and truthful as necessary to qualify for safety valve relief under 18 U.S.C. § 3553(f). We affirm.

Officers stopped a vehicle and discovered over thirty-five pounds of methamphetamine. The driver, Blanca Avila De Vega, agreed to assist officers with a controlled buy. Carlos and another man, Alejandro Buendia-Ramirez, arrived at the buy with approximately $90,000, and officers arrested them. Carlos subsequently assisted officers by directing them to a stash house he had rented. At the stash house, officers arrested Carlos's brother, Alfredo Valquier. Carlos, Alfredo, and several other conspirators were charged with drug offenses, but only Alfredo went to trial.

During the plea process, in an effort to obtain safety valve relief, Carlos participated in two proffer sessions with the government. In those sessions, he claimed to have played a minor role in the conspiracy. He explained that his mother had put a cousin in touch with him and Alfredo and that the cousin first recruited Alfredo. After learning that Alfredo had been paid $500 to drive a short distance, Carlos asked Alfredo to get work for him too. Subsequently, Carlos said he was tasked with renting the stash house and transporting Buendia-Ramirez there. Carlos claimed that the cousin was ultimately the person "calling the shots."

At his sentencing, the government argued that Carlos's proffer was neither complete nor truthful. For support, the government referred to testimony that Avila De Vega and Buendia-Ramirez gave during Alfredo's trial, over which the same district court judge had presided. According to the government, Avila De Vega testified that she had delivered drugs to Carlos and Alfredo on a previous occasion, and Buendia-Ramirez testified that the brothers: (1) brought him cash on different occasions; (2) "were aware that they were dealing in drugs"; and (3) had plans to take

the proceeds of the drugs to a different state.[2] The government also offered testimony from an agent involved in the investigation of the case and the proffer discussions. The agent testified primarily about two phone calls between Carlos and Alfredo during which Carlos essentially told Alfredo that "he wasn't going to tell them anything" and "they weren't as innocent as they would like to believe."

After hearing the evidence, the district court noted that Carlos's eligibility for safety valve relief was a "close question." The court ultimately determined, however, that the government had a "reasonable basis" for arguing against relief because, while the information Carlos provided was truthful, the evidence suggested that it was not complete. The district court therefore denied Carlos safety valve relief and sentenced him to the statutory mandatory-minimum term of 120 months' imprisonment.

"In the safety valve statute and parallel advisory guidelines provision, Congress provided relief for less culpable drug offenders from its harsh mandatory minimum sentences." United States v. Hinojosa, 728 F.3d 787, 790 (8th Cir. 2013) (internal quotation marks and citation omitted). To qualify for safety valve relief, a defendant must establish each of the five requirements contained in 18 U.S.C. § 3553(f) by a preponderance of the evidence. Id. At issue in this case is whether Carlos established the fifth requirement: that he "truthfully provided to the Government all information and evidence [he had] concerning the offense." 18 U.S.C. § 3553(f)(5).

We review "a district court's findings regarding the completeness and truthfulness of information provided by a defendant and the ultimate denial of safety valve relief for clear error." Hinojosa, 728 F.3d at 790. In assessing the completeness and truthfulness of the information provided, a district court "is entitled to draw reasonable inferences from the evidence," and "[t]he legal test is simply

---

[2]The district court confirmed that the government's summary of the testimony at Alfredo's trial "was generally, if not all, accurate."

whether the record supports its safety valve findings." United States v. Alvarado-Rivera, 412 F.3d 942, 948–49 (8th Cir. 2005) (en banc).

Here, the government's evidence[3] suggests that Carlos had a larger role in the drug conspiracy than he admitted to, and Carlos failed to establish that he did in fact provide complete information. See Alvarado–Rivera, 412 F.3d at 948 (concluding that "limited admissions in the face of evidence implicating [a defendant] in major drug activity" do not equate to providing truthful and complete information necessary for safety valve relief); see also United States v. Nguyen, 608 F.3d 368, 378 (8th Cir. 2010) ("The testimony of several witnesses contradicted the facts set forth in the safety valve statement and the district court agreed with the government that [the defendant] attempted to minimize his role when he made the safety valve statement. Under those circumstances, it was not clear error for the district court to refuse to accord [the defendant] safety valve relief."); United States v. Gomez–Perez, 452 F.3d 739, 742–43 (8th Cir. 2006) (affirming the denial of safety valve relief where the defendant's proffer statements "were inconsistent with other defendants who discussed his drug activity"). Thus, the district court did not clearly err in denying Carlos safety valve relief.

We affirm the judgment of the district court.

_____

---

[3]Carlos argues that district court should not have considered the testimony of Avila De Vega and Buendia-Ramirez because it was "uncorroborated" and "self-serving." But we have previously held a district court judge may consider testimony from a co-conspirator's trial that he presided over when evaluating the completeness and truthfulness of information provided by a defendant. United States v. Alarcon-Garcia, 327 F.3d 719, 722 (8th Cir. 2003). Moreover, "a district court's findings regarding the credibility of witnesses 'are virtually unreviewable on appeal.'" United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998) (citation omitted). Therefore, the district court's consideration of Avila De Vega's and Buendia-Ramirez's testimony in this case did not constitute clear error.