# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3159

_____

United States of America

*Plaintiff - Appellee*

v.

Douglas Trong Tran

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 27, 2019
Filed: November 12, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Douglas Trong Tran pleaded guilty to one count of conspiracy to manufacture and distribute at least 100 kilograms of a mixture and substance containing marijuana and at least 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B), 846, and 851. The district court[1] sentenced Tran to the statutory mandatory minimum sentence of 120 months' imprisonment. See 21 U.S.C. § 841(b)(1)(B). Tran appeals his sentence, arguing that the district court erred in denying him safety-valve relief and in calculating his offense level. We affirm.

Tran established a successful marijuana grow operation in Colorado Springs, Colorado. He rented or purchased several residences, where he cultivated marijuana plants indoors. Tran enlisted the help of his sons and others to maintain the Colorado operation.

Thy Hoang contacted Tran in 2016 about a struggling marijuana grow operation in Asbury, Iowa. Individuals involved in the Iowa operation traveled to Colorado to see Tran's operation there and to sample his marijuana. Tran later agreed to cultivate marijuana in Iowa, and he frequently traveled between Colorado Springs and Asbury to tend to the grow operations. Tran also traveled to Henderson, Nevada, where his wife lived. When Tran was away from the Iowa operation, Hoang cared for the marijuana plants, relying on the detailed instructions that Tran had left for her.

In July 2017, law enforcement officers searched the residences associated with Tran in all three states. They discovered marijuana at each location, multiple firearms in Nevada, and grow operations in Colorado and Iowa.

After Tran pleaded guilty, he sought relief from the statutory mandatory minimum sentence under the safety-valve provisions of 18 U.S.C. § 3553(f) and U.S. Sentencing Guidelines § 5C1.2(a). Tran refused to discuss the Colorado operation during his proffer, however, claiming that it was not relevant to the Iowa conspiracy. The district court found that Tran did not qualify for safety-valve relief because,

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

among other things, he had not "truthfully provided to the Government all information and evidence [he had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." See 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).

Tran argues that the district court clearly erred in denying safety-valve relief. See United States v. Valquier, 934 F.3d 780, 783 (8th Cir. 2019) (standard of review). He asserts that the Iowa conspirators employed him as a mere contractor, hired to address problems with the Iowa grow operation. He contrasts his limited role in the struggling Iowa operation with his leadership role in his own successful Colorado operation, which he established and maintained without the help of any members of the Iowa conspiracy. He thus claims that he was involved in at least two conspiracies and that he provided a truthful and complete proffer in this case, because he divulged all information he had about the Iowa offense.

A defendant is not entitled to safety-valve relief when he conveys only the basic facts of his crime. United States v. Soto, 448 F.3d 993, 996 (8th Cir. 2006). He must provide all information and evidence he has about offenses that were "part of the same course of conduct" or "common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). The record here amply supports the finding that the Colorado grow operation was "part of the same course of conduct" or "common scheme or plan" as the Iowa operation, even if there were multiple conspiracies. Tran's conduct with respect to both operations was similar in nature and overlapped in time. See United States v. West, 612 F.3d 993, 997 (8th Cir. 2010) (explaining that the district court "should consider the similarity, regularity, and temporal proximity of the conduct" to determine whether it is part of the same course of conduct or common scheme or plan (quoting United States v. Geralds, 158 F.3d 977, 979 (8th Cir. 1998))). Members of the Iowa conspiracy approached Tran because they knew of his successful grow operation and his expertise in cultivating marijuana. After visiting the Colorado operation and sampling the marijuana grown there, they entered into an

agreement with Tran, in which he agreed to help the floundering operation in Iowa. Tran essentially used his success in Colorado to show that he could establish a similar operation in Iowa, and he thereafter maintained the grow operations in both states, traveled frequently between the two, and instructed others how to care for the plants in his absence. We thus find no clear error in the district court's determination that Tran's refusal to discuss his Colorado operation rendered him ineligible for safety-valve relief because he failed to provide a complete and truthful proffer. See United States v. Rojas-Coria, 401 F.3d 871, 873-74 (8th Cir. 2005) (holding that the district court did not clearly err in finding that the defendant's proffer was incomplete when the defendant refused to discuss his "involvement in other drug activity, occurring during the same time period" as his offense of conviction).

We decline to address Tran's arguments that the district court erred in calculating his offense level under the U.S. Sentencing Guidelines. Because the district court correctly imposed the mandatory minimum sentence, any error in calculating the offense level would be harmless. See United States v. Morales, 813 F.3d 1058, 1069 (8th Cir. 2016) (holding that any miscalculation of the defendant's offense level was harmless, in light of the application of a statutory mandatory minimum sentence); U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

The sentence is affirmed.

_____